## W. W. LETSON v. E. W. KENYON.

NOTES, *Partly Paid by Maker's Assignee; no Bar.* Where the maker of a note thereafter made an assignment for the benefit of creditors, and in such assignment scheduled this note and directed his assignee to convert the assigned property into money and pay his debts, and in pursuance thereof the assignee took possession and converted said property into money, and applied the same in part payment of the assignor's debts, this note among the number, *held*, that the payment, being one made in pursuance of express directions from the assignor for his benefit and out of the proceeds of his property, is such a payment as under § 24 of the code avoids the bar of the statute of limitations; and this notwithstanding the proceedings under the assignment are controlled by the provisions of a general statute concerning assignments for the benefit of creditors.

*Error from Jackson District Court.*

ACTION by *Kenyon* against *Letson* and another, to recover on a certain judgment, and also upon three promissory notes, each thereof having certain credits indorsed thereon. Trial by the court, at the April Term, 1883, and judgment for plaintiff. The defendant *Letson* brings the case here. The opinion states the facts.

*Lowell & Walker,* for plaintiff in error.

*W. S. Hoaglin,* and *Hayden & Hayden,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on three promissory notes; and the substantial question is, whether certain payments which were in fact made within five years prior to the commencement of the action, avoided the bar of the statute of limitations. The facts respecting such payments are these: The maker of the notes, after their execution, made an assignment to one A. M. Crocket, for the benefit of his creditors. These notes were scheduled in said assignment; the assignee discharged the duties of the assignment, and out of the proceeds of the assigned property made these payments. The assignment in terms directed the assignee to sell and apply the proceeds of the property to the payment of these and other debts. We have a statute regulating assignments for the benefit of creditors; and the proceedings under this assignment were had in conformity to the provisions of such statute. But for such payment, the notes were outlawed. Were such payments sufficient to avoid the bar of the statute? The statute (code, § 24) provides that: "When any part of the principal or interest shall have been paid, . . . an action may be brought in such case within the period prescribed for the same after such payment." Whatever may be the rules elsewhere, this statute controls the matter in this state. Here, statutes of limitation are held to be statutes of repose. (*Taylor v. Miles,* 5

Kas. 499; *Elder v. Dyer*, 26 id. 604.) Partial payments made by one debtor will not suspend the running of the statute in favor of other debtors on the same obligation. (*Steele v. Souder*, 20 Kas. 39.) · But here the party sought to be charged is the one for whom and out of whose property the payment was made. It was made in pursuance of an express direction. So, upon the maxim *Qui facit per alium, facit per se*, it would seem that this payment was within the very letter of said § 24.

It is true this payment was not made at the time the authority to pay was given; but the statute makes the payment itself, and not any prior authorization or act, the date from which the limitation commences. Suppose, for instance, the debtor should send money by a friend with instructions to pay it upon his note, and in consequence of the distance which the money had to be carried, or the absence of the creditor from his ordinary place of business, or for any other reason, the payment was not in fact made for days or weeks after the money had left the debtor's hands: the statute would date from the time the creditor received, and not from the time the debtor parted with it. The same rule holds good where the debtor intrusts to an agent any personal or real property with express instructions to sell and apply the proceeds in payment of that debt. The statute would then date from the time the agent executed his trust and handed the money to the creditor, and not from the time the debtor gave authority to his agent. Now that is precisely this case. The debtor placed property in the hands of an assignee, with instructions to sell the property and apply the proceeds in payment of these, among other, debts. He did so sell and pay. That payment was the act of the debtor, for his benefit, and out of his property.

It seems to us there would be no question but for the existence of the statute concerning assignments for the benefit of creditors. That statute regulates all proceedings under such assignments; prescribes the duties of the assignee, and by placing his proceedings under control of the district court

makes them at least *quasi* judicial. In consequence of this, it has been held that the statute, instead of the terms of the assignment, controls the acts of the assignee; that he is not technically the agent of the assignor, but the statutory trustee for both debtor and creditors. His acts in payment are not the acts of the debtor nor his agent. He represents the law in distributing the proceeds of trust property placed in his hands. In support of this, the cases of *Marienthal v. Mosler*, 16 Ohio St. 566; *Stoddard v. Doane*, 7 Gray, 387; *Picket v. King*, 34 Barb. 193; *Roosevelt v. Mark*, 6 Johns. Ch. 266, are cited. These authorities seem to be in point, and to sustain the proposition. The argument in support thereof is very fully stated in the case of 16 Ohio St., *supra*. It is not satisfactory to us. The assignment is the voluntary act of the assignor. The manner in which it is to be carried into effect may be prescribed by statute. But does that make the acts of the assignee done under the assignment, in the manner prescribed, any the less done by direction of the assignor? He may or may not assign. If he does, he in effect says to the assignee: Do these things in the time and way named. He practically adopts the statute as a part of his direction to his assignee. The existence of an assignee, and his power to take any action, depends in the first instance on the will of the assignor. Statutes often control the form of deeds and acknowledgments, the manner and methods of many proceedings, and when a party makes a deed, or resorts to any of these proceedings, he must follow the forms and methods prescribed. But still what is done is his act. Take the case at bar: The law concerning procedure under voluntary assignments was in force. The debtor makes an assignment. What is that but saying to the assignee: "Take possession and dispose of my property in the manner prescribed by that statute"? Can he now say that he did not direct what should be done? More than that, the act of the assignee was not only in harmony with the provisions of the statute, but in obedience to the express direction of the assignor. In a double sense, therefore, it was his act. It must be remem-

bered that this was not an involuntary proceeding on the part of the debtor, and that the property was not taken by legal process, and against his will, for the satisfaction of his debts. We think, therefore, notwithstanding these opposing authorities, that when a debtor chooses to make an assignment, and when in such assignment he makes an express direction to his assignee to sell the property assigned, and apply the same in payment of certain scheduled debts, and the assignee does as directed, that payments so made are payments by the debtor within the meaning of said § 24. (See *Jackson v. Fairbanks*, 2 H. Black. 340; *Barger v. Durvin*, 22 Barb. 63.)

The judgment will be affirmed.

VALENTINE, J.: I concur in the decision of this case, for if it be conceded that a part payment of a debt can be made by an agent of the debtor so as to bind the debtor within the meaning of the provisions of § 24 of the civil code—and I think that such must be conceded—then it necessarily follows that the part payment made in the present case, which was made by the agent of the debtor, is binding upon the debtor so as to take the case out of the statute of limitations. In such a case the statute must govern; for where a statute is applicable, it has greater force and weight as authority than the decision of any court made in some other case, and especially *a decision made in some other state.* In the present case, the debtor appointed the agent to make the payment, designated the debt to be paid, designated the property out of which the debt should be paid, and the payment was in fact made before the debt had been barred by any statute of limitations. In the present case, however, the debtor's agent was also his assignee, to whom he had assigned his property for the benefit of his creditors. But by being an assignee, I do not think that he was any the less an agent. If, however, this agent had been removed from his position as assignee, and some other person appointed under the assignment act to take his place as assignee, then as to whether this other person would be such an agent of the debtor that he could make a part pay-

20—31 KAS.

ment of the debt that would be binding upon the debtor, within the meaning of said § 24 of the civil code, it is not necessary to express any opinion. Neither is it necessary to express any opinion as to whether such a part payment could be made of a debt which the debtor himself had not ordered to be paid, or out of property which the debtor had not appropriated for the payment of the same. Nor is it necessary to express any opinion as to whether the payment would be binding upon the debtor, if, before the debt had become barred by the statute of limitations, he had made the order for its payment, but the payment was not in fact made till afterward. I express an opinion only upon the facts of this case; and upon them I think the judgment of the court below was correct, and should be affirmed.

HORTON, C. J., dissenting.