G. L. WHITE *et al.* v. THE SMITH-FRAZIER BOOT AND SHOE COMPANY.

INSOLVENCY—*Distribution of Funds*—*Payments to Bar the Statute.* After the assignee of an insolvent debtor, under the statutes of Missouri, had been duly discharged, and the circuit court having jurisdiction of the insolvent's estate had made an order for general distribution to the clerk of the court out of the funds turned into the court by the assignee when he was discharged, *held*, that the payment made by the clerk of the court is not such a one as to avoid the bar of the statutes of limitations, when it did not appear that the claim upon which the payment was made was scheduled, and there was no express direction from the assignor to his assignee to pay such claim.

*Error from Brown District Court.*

ACTION by the *Smith-Frazier Boot and Shoe Company* against *White* and another, to recover for goods sold and delivered. A judgment for plaintiff, rendered by a justice of the peace, was affirmed in the district court, and defendants bring the case to this court. The opinion states the facts.

*John C. Archer*, and *Keller & Noble*, for plaintiffs in error:

It cannot be said that any special authority was delegated to the assignee in this case to pay any specific claims other than the statutory authority, and no special authority to pay this claim. This was a personal obligation resting on the assignee, and he was as much under the control of the creditors as of the debtors. This case being entirely different from *Letson v. Kenyon*, 31 Kas. 301, we contend that, as the record in this case does not show affirmatively. or otherwise that this debt sued on was one of the scheduled debts of the assignors to be paid from the assigned property, (and further, that as at the time of this payment the assignment was not in existence,) in no sense could the payment have been made by the debtors, or anyone authorized by them to make such payment for them.

It has been held by various authorities that the payment of

a dividend does not take the debt out of the statute of limitation. It is not such a payment as would take the residue of the debt out of the statute of limitation. See Bur. Ass., § 446; *Pickett v. Leonard*, 34 N. Y. 175; *Pickett v. King*, 34 Barb. 193; *Marenthal v. Moster*, 16 Ohio St. 566; *Stottart v. Doane*, 7 Gray, 387; *Clark v. Chambers*, 22 N. W. Rep. (Neb.) 229; *Parsons v. Clark*, 26 id. (Mich.) 656.

*W. I. Stewart*, and *S. L. Ryan*, for defendant in error:

Defendant in error relies largely on the case of *Letson v. Kenyon*, 31 Kas. 301, and the reasoning therein contained. That case is decisive of the case at bar as to whether the payments made by the assignee suspended the running of the statute. But as to whether the payment by the clerk of the circuit court of De Kalb county, Missouri, made on February 2, 1888, acting under the order of the court, out of the funds of plaintiffs in error turned into the court by the assignee, will have the same effect was not decided in that case, but may be the question to be decided in the case at bar. The statute under which the assignment was made by plaintiffs in error is almost identical with the Kansas statute under which the assignment in the case of *Letson v. Kenyon*, supra, was made. Rev. Stat. Mo. 1879, § 390.

The opinion of the court was delivered by

HORTON, C. J.: G. L. White and William White, partners as White Bros., were doing a general merchandise business at Orchid, De Kalb county, Missouri, during the years 1883 and 1884. The White brothers made an assignment in 1884 to Chesley M. Wyatt, as assignee for the benefit of all their creditors, and Wyatt, as such assignee, duly qualified and entered upon his trust. Afterward, on or about the 16th day of November, 1886, Wyatt was discharged as assignee upon the order of the circuit court of De Kalb county, Missouri. All the assets then in his hands and undisposed of were turned over to the clerk of the cir-

cuit court of De Kalb county, and the assignee was then dis-
charged from further duty.   During the time the White
brothers were in business at Orchid, they purchased certain
goods, wares and merchandise from the Smith-Frazier Boot
and Shoe Company.   The first purchase was made in the year
1883, and the last purchase on the last day of September,
1884.   The first payment was made August 9, 1883, and the
last payment on February 2, 1888.   The purchases during
all this time aggregated $1,313.34.   The total amounts of
credits amounted to $1,176.88.   This action was brought to
recover $136.46, the balance remaining unpaid.   All the pay-
ments from one to seven, inclusive, were made in the years
1883 and 1884 by the White brothers.   The eighth and ninth
payments were made by C. M. Wyatt, the assignee.   These
two payments were January 10, 1885, and December 17,
1885.   The last payment that is claimed to have been made
—February 2, 1888—was made by the clerk of the circuit
court of De Kalb county, state of Missouri.   This action was
originally brought before a justice of the peace in Brown
county.   A sworn statement of the account was embraced in
the bill of particulars.   The answer alleged that the Whites
did not make or authorize to be made the payments alleged
in the bill of particulars, and further alleged that they had
been actual residents of the state of Kansas for more than
three years next preceding the commencement of the action.

Pleadings before a justice of the peace are construed very
liberally, and we think that, under the pleadings and the trial
had thereon, the three-year statute of limitations was fairly
presented in the case.

The justice of the peace, upon the stipulation of the parties
and the testimony offered, rendered judgment in favor of the
Smith-Frazier Boot and Shoe Company against the Whites
for $136.46, with interest and costs.   Subsequently, the
Whites took the case to the district court of Brown county,
by proceedings in error, and attached to their petition in error
the record of the judgment and proceedings before the justice

of the peace. That court affirmed the judgment of the jus-
tice of the peace. Complaint is made of this affirmance, and
the case is now here for review. It is alleged that the record
does not contain all of the proceedings before the justice of
the peace, including the judgment rendered by him, and it is
further contended that no motion was filed for a new trial in
the district court. It appears, however, from the record, that
the judgment rendered by the justice is contained therein,
and the case-made shows that it "embraces all the proceed-
ings, motions, orders, evidence, findings and proceedings upon
which the judgment was rendered." This is sufficient. (*Wil-
son v. Howell*, 48 Kas. 150.) As the district court heard the
case upon the petition in error, no motion for a new trial was
necessary.

The pivotal question in this case is, was the action barred
by the three-year statute of limitations at the time it was com-
menced? It is apparent that if the payment upon the account
made by the clerk of the circuit court of De Kalb county,
Missouri, on February 2, 1888, does not avoid the statute of
limitations, plaintiff below is not entitled to recover. The case
of *Letson v. Kenyon*, 31 Kas. 301, is cited as conclusive in
favor of the judgment; but that case differs materially from
this one. In that case, the debtor appointed the agent to
make the payment, designated the debt to be paid, designated
the property out of which the debt should be paid, and the
payment was in fact made before the debt had been barred
by any statute of limitations. Mr. Justice BREWER, in con-
cluding the opinion in that case, said:

"That when a debtor chooses to make an assignment, and
when in such assignment he makes an express direction to his
assignee to sell the property assigned, and apply the same in
payment of certain scheduled debts, and the assignee does as
directed, that payments so made are payments by the debtor,
within the meaning of said § 24, civil code."

In this case, there was a general assignment under the stat-
utes of Missouri, which, in many respects, are similar to the
statutes of Kansas. (Rev. Stat. Mo. 1879, § 390; Gen. Stat.

Kas 1889, ¶¶ 342–388.)    Mr. Justice VALENTINE, who filed a concurring opinion in that case, said :

"If, however, this agent had been removed from his position as assignee, and some other person appointed under the assignment act to take his place as assignee, then as to whether this other person would be such an agent of the debtor that he could make a part payment of the debt that would be binding upon the debtor, within the meaning of said § 24 of the civil code, it is not necessary to express any opinion. Neither is it necessary to express any opinion as to whether such a part payment could be made of a debt which the debtor himself had not ordered to be paid out of property which the debtor had not appropriated for the payment of the same."

There are a great many authorities to the effect that the payment of a dividend by the assignee of an insolvent debtor is not such a payment as will, under the twenty-fourth section of the code, take the residue of the debt out of the statute of limitations, as the debt of such debtor.    Several of these cases are cited in *Letson v. Kenyon,* supra.    But this case differs from the latter case, because, although it appears that the Smith-Frazier Boot and Shoe Company was a creditor of the Whites, it does not appear that its claim was scheduled, or that the debtors expressly designated this debt to be paid, as the debtor did in *Letson v. Kenyon.*    The assignee was discharged on November 16, 1886, and the payment by the clerk was on February 2, 1888.    The stipulation reads that—

"The payment of February 2, 1888, of $8.56, was made by the clerk of the De Kalb county, Missouri, circuit court, upon the order of the court, and out of funds turned into said court by said C. M. Wyatt, as such assignee, and by him received out of the assets of the defendants' firm as such assignee."

The case of *Letson v. Kenyon* is an exception to the general rule, and is properly such exception, because the payment in that case was made in pursuance of express direction from the assignor, for his benefit, and out of the proceeds of his property.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.