THOMAS H. BATTLE, executor of S. E. WESTRAY, v. W. S. BATTLE.

*Statute of Limitations—Partial Payment by Trustee of Debtor.*

1. Partial payment on a note arrests the running of the Statute of Limitations only when it is made under such circumstances as will warrant the inference that the debtor recognizes the debt as then existing and his willingness or, at least, his obligation to pay the balance.

2. Where an assignment for benefit of creditors confers no power on the trustee, as agent of the debtor, to do any act to waive the Statute, or to express a willingness or intention to pay the debt after it becomes otherwise barred, a partial payment made by the trustee on a note of the debtor will not arrest the running or remove the bar of the Statute of Limitation.

CIVIL ACTION, heard before *Mebane, J.*, at Fall Term, 1894, of NASH Superior Court, on a case agreed as follows:

"1. That on January 1st, 1880, the defendant William S. Battle executed his note under seal to the testator of the plaintiff, with James S. Battle and Kemp P. Battle as

116—11

sureties, whereby he promised to pay one day after date the sum of fifty thousand dollars, and delivered said note to the said testator, S. E. Westray.

" 2. That on February 3rd, 1883, the defendant William S. Battle executed a deed of trust to Geo. Howard and Richard H. Battle, trustees, whereby he conveyed without reservation all of his property of every kind and description, consisting of real and personal property, for and upon certain purposes and trusts in said deed declared. A copy of the said deed of trust is hereto attached and made a part of this agreed statement of facts. The said deed of trust was recorded in the public registry of Edgecombe and Nash Counties and the trustees at once entered upon the discharge of their duties.

" 3. That the above mentioned note for $50,000 is the same indebtedness as that recited in said deed of trust as ' about forty-eight thousand dollars '—the defendant having made sundry payments on said note prior to February 3rd, 1883, and being of the opinion that the amount recited in said deed was the true amount due thereon.

" 4. That value of said $50,000 note on the 14th day of December, 1884, was $54,450, and that the said George Howard and R. H. Battle, trustees of said W. S. Battle, as aforesaid, by virtue of the authority and discretion contained in said deed, and out of the assets held by them as said trustees, paid to S. E. Westray the sum of $5,445 on said December 15, 1884, which was the earliest moment that they could make said assets available, and which said sum was then credited upon said note upon demand of said Howard and Battle, trustees, and by and with the consent of the said S. E. Westray, leaving thereon a balance of $49,005 due on said note.

" 5. That no other payment has since been made thereon, and that said note was left in the hands of B. H. Bunn,

attorney for said S. E. Westray, and consumed by fire when his office was burned—August 1st, 1891.

" 6. That said S. E. Westray died domiciled in the State and County aforesaid on February 15th, 1894, leaving a last will and testament which has been duly proven and recorded in the county of Nash, of which he appointed Thos. H. Battle Executor, who at once qualified and entered upon the discharge of his duties.

"7. That the plaintiff was at the commencement of this action and is now the owner of said note.

"8. That summons in this action was issued on the 5th day of March, 1894.

"It is agreed between the parties to this action that the same shall be heard and determined on the foregoing facts and that if the Court shall be of opinion that the plaintiff's right of action on said note is barred by the statute of limitations judgment shall be rendered accordingly, and if the Court shall be of the contrary opinion judgment shall be rendered in favor of the plaintiff and against the defendant for the amount specified above with interest and cost."

Upon the "case agreed" the Court was of the opinion that the plaintiff's right of action was not barred by the statute of limitation and judgment was rendered against the defendant who appealed.

*Mr. H. G. Connor*, for plaintiff.

*Messrs. Don Gilliam* and *Shepherd & Busbee*, for defendant (appellant).

CLARK, J.: *The Code*, Section 172, requiring an acknowledgment or new promise to be in writing left the effect of a partial payment in removing the bar of the statute of limitations as it was before the Code of Civil Procedure. *Bank* v. *Harris*, 96 N. C., 118. The effect of partial pay-

ment in stopping the running of the statute is not by virtue of any statutory provision. It was not in the statute of James I, but was an exception allowed by the Courts, and its application depends upon the reasoning in such decisions. The Act of 9 Geo. IV, 14, in a similar way to our statute, merely recognizes the exception as existing. Partial payment is allowed this effect only when it is made under such circumstances as will warrant the clear inference that the debtor recognizes the debt as then existing and his willingness, or at least his obligation, to pay the balance. *Hewlett* v. *Schenck*, 82 N. C., 234; *Pickett* v. *King*, 34 Barb., 193; *Richardson* v. *Thomas*, 13 Gray, 381; 1 Wood on Limitations, Sec. 99.

In the present case there was no payment by the debtor on the bond within ten years before action brought. The assignment conferred no power on the trustee, as agent of the debtor, to do any act to waive the statute or express a willingness or intention of the debtor to pay the debt after it should otherwise become barred. His agency was strictly limited to the duties marked out in the instrument, of paying out the assets in the manner stated, and bound the assignor by no implied agreement to pay more or to waive the statute.. Chancellor Kent in *Roosefelt* v. *Marks*, 6 John, Ch. 266. Indeed, the assignment indicates an inability to pay anything more on the debts secured therein, and it would be a contradiction of its plain meaning to hold that the *pro rata* distribution of the assets thereunder by the assignee was an authorized expression of a willingness and intention to pay the balance and therefore a waiver of the statute. It is settled that a payment by assignees in bankruptcy and for the benefit of creditors does not take the case out of the statute of limitations. 13 Am. and Eng. Enc., 760; Burrill on Assignment (6th Ed.) Sec. 399, and cases there cited; *Belo* v. *Spach*, 85 N.

C., 122, held that a payment by the assignee repelled the statute of *presumptions*. That might well be, for to repeal the presumption it is only necessary to show that the debt was still existing and unpaid, and the payment of the assignee in bankruptcy is some evidence of that fact, but the statute of limitations is an absolute bar. To remove it, there is necessary some act of the debtor or by his authority, such as a written promise or a payment under such circumstances as implies an obligation to pay the balance.

Error.