THE SMITH-FRAZER BOOT AND SHOE COMPANY v. G. L. WHITE AND WILLIAM WHITE.

#### No. 285.

1. STATUTE OF LIMITATIONS—*Assignment for Benefit of Creditors—Distribution of Fund.* The defendants in error made an assignment for the the benefit of creditors, in Missouri, in which state both parties resided. The plaintiff in error was a scheduled creditor. After distributing part of the funds of the trust, the assignee paid the remainder into court and was discharged. Two years thereafter, by order of the court, the clerk in distributing this fund paid the plaintiff in error, on its claim, $8.56, which it credited on the account so scheduled. This suit was brought on the account, to recover the balance thereof. *Held,* That this payment by the clerk of the court was not within the provisions of section 24 of the code, and did not toll the statute of limitations.

2. —————— *Burden of Proof—Averment of Residence.* Where a defendant, as a defense to an action arising in another state, interposes a plea of the statute of limitations and avers that he came into this state more than three years prior to the commencement of the suit, the burden is upon him to maintain the issue arising upon that averment.

Error from Brown district court; J. F. THOMPSON, judge.    Opinion filed January 6, 1898.    Reversed.

*S. L. Ryan*, and *W. I. Stuart*, for plaintiff in error.
*James Falloon*, and *J. C. Archer*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : The plaintiff in error sued the defendants in error before a justice of the peace upon an account, and obtained judgment.  The case was taken to the district court by petition in error, reversed, and retained for a new trial.   Upon the trial in the district court, a demurrer to the plaintiff's evidence was sustained and the defendants had judgment for costs.

The errors assigned arose out of this action of the court and present two questions for review.   The defendants filed in the justice's court a written defense of the statute of limitations under the first provision of section 21 of the code.    ( Gen. Stat. 1889, ¶ 4098 ; Gen. Stat. 1897, ch. 95, § 15.)    The cause of action arose in Missouri, where both parties were at the time domiciled.   The defendants, who were merchants in De Kalb county, Missouri, made an assignment for the benefit of creditors on the 21st day of October, 1884.   The assignee made some payments on the plaintiff's claim.   It was one of the scheduled debts. Afterwards, in October, 1886, the assignee was discharged, and turned over to the De Kalb county circuit court, having jurisdiction of the proceedings, $412 in money, derived from the assets of the assigned estate.   In February, 1888, under an order made by the circuit court, its clerk distributed this fund among the creditors, after discharging the costs

Shoe Co. v. White.

of the proceeding, and the plaintiff was paid there-from $8.65, which it credited upon the account.   This suit was begun on April 29, 1889.

The plaintiff relies upon this payment to take the account out of the bar of the statute.   Had the pay-ment been made by the assignee in the discharge of the trust under the assignment, the case would be within the rule of *Letson v. Kenyon*, 31 Kan. 301 (1 Pac. Rep. 562).   However, the agency of the assignee had terminated.   The plaintiff contends that because the assignee, after his discharge, requested the circuit court to distribute the money, it was the act of the assignee.   The court did not act pursuant to any re-quest of the assignee, who was discharged, but by authority of law; it did not act as a substituted agent of the defendents.   We are of the opinion that the learned judge who heard the case committed no error in so holding.

But to sustain the demurrer the court had to as-sume that the domicile of the defendants had been changed from Missouri to Kansas for more than three years before the suit was begun, or rather that the defendants had come into the state more than three years before the suit was begun and had remained in the state at all times for three years prior thereto. This was an affimative allegation of the defense, and the burden was upon the defendants to prove this fact.   There was nothing upon which the court could find, or from which it could presume, that they had been continuously in the state for more than three years before the suit was begun.   For this reason it was error for the court to sustain the demurrer to the evidence of the plaintiff.

The judgment is reversed, and the case remanded with directions to award a new trial.                —