SHELBY NATIONAL BANK v. D. W. HAMRICK.

(Filed 30 April, 1913.)

**Corporations—Receivers—Notes—Payments—Limitation of Actions.**
    Payments made on a note given by a corporation with individuals as sureties, by a receiver of the corporation, are not such as will repel the bar of the statute of limitations.

APPEAL by plaintiff from *Justice, J.,* at Fall Term, 1912, of CLEVELAND.

Civil action to recover on a note an alleged balance of $638.31, executed by the Ottoway Furniture Company to plaintiff, with the other defendants as sureties.

The plea of statute of limitations was sustained, and plaintiff appealed.

*Quinn, Hamrick & McRorie for plaintiff.*
*Ryburn & Hoey for defendants.*

MABRY v. BROWN.

BROWN, J.  It is agreed by counsel that the only question involved is whether the payments made by the receiver of the Ottoway Furniture Company at the time and in the amounts shown by the credits entered upon the note prevented the bar of the statute of limitations.

We agree with the court below, that such payments do not prevent the bar of the statute.  Payments made by trustee, or assignee, for the benefit of creditors do not have such effect. *Battle v. Battle,* 116 N. C., 161; *Cone v. Hyatt,* 132 N. C., 810; *Robinson v. McDowell,* 133 N. C., 185.

Neither do payments made by an assignee in bankruptcy have such effect.  13 Am. and Eng. Enc., 760; Burrill on Assignments (6 Ed.), sec. 399, and cases there cited; *Battle v. Battle,* 116 N. C., 164, bottom of page.

Nor payments by a receiver.  25 Cyc., p. 1383, and cases cited.

In *Battle's case, supra,* page 164, it is said partial payments are allowed the effect of stopping the running of the statute "only when made under such circumstances as will warrant the clear inference that the debtor recognizes the debt as then existing, and his willingness, or at least his obligation, to pay the balance."

Affirmed.