No. 33,503

THE FIRST NATIONAL BANK OF BELOIT, *Appellant*, v. T. J. SIGNS, *Appellee.*

(73 P. 2d 1109)

Opinion filed December 11, 1937.

*Leon W. Lundblade*, of Beloit, for the appellant.

*R. L. Hamilton*, of Beloit, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: The single question presented in this appeal is whether a payment on a promissory note made by a trustee of the estate of a bankrupt tolls the statute of limitations.

The facts were not in dispute. On March 4, 1931, the defendant,

T. J. Signs, executed his promissory note for $2,800 in favor of the plaintiff bank, payable on demand. Later, Signs filed a voluntary petition in bankruptcy. On August 25, 1932, the federal referee in bankruptcy made a payment of $19.44 on the note, which sum was derived from the proceeds of the bankrupt's estate. On the following day the referee made a second payment of $16.83 on the note, out of funds derived from the same source.

The trial court held that these payments did not interrupt the running of the statute of limitations, and counsel for the appellant bank concede—

"For the purpose of argument of this matter, disregarding the payments of the referee of bankruptcy, it is admitted by the plaintiff herein that if the payments do not constitute a voluntary payment by the defendant, that said action as to the third cause of action is barred by the statute of limitations."

We think that our recent case of *Pessemier v. Zeller*, 144 Kan. 726, 62 P. 2d 882, 107 A. L. R. 1523, settles this question. It was there held that the act of a receiver of an insolvent bank in applying the bank deposit of the maker of a past-due note held by the bank did not interrupt the running of the statute. The opinion includes a wealth of authorities to the same effect. Headnotes of typical cases read:

"Where *J*, being insolvent, and in order to avoid bankruptcy, makes a general common-law assignment to *T* for the benefit of creditors, and the trustee, *T*, pays a dividend to *B*, one of the general creditors of *J*, such a payment by the trustee is not such a voluntary payment on the part of *J*, required by section 107, O. S. 1931, as will toll the statutes of limitations, unless the agreement clearly indicates that it was the intention of the debtor, *J*, that the trustee, *T*, should act as his agent with power to revive the debt." (*Berry Dry Goods Co. v. Jones*, 177 Okla. 278, 58 P. 2d 529.)

"Neither the assignee nor the trustee in bankruptcy has power to represent the bankrupt except for the purpose of the bankruptcy act. Neither his duty nor power includes authority to promise that the bankrupt will pay the residue of the debt, and a payment by him on account of a claim against the bankrupt is not such an acknowledgment of the debt as will stop the running of the statute of limitations." (*American Woolen Co. v. Samuelsohn*, 226 N. Y. 61, 123 N. E. 154.)

Appellant cites *Letson v. Kenyon*, 31 Kan. 301, 1 Pac. 562, where the maker of the note had made an assignment for the benefit of creditors and directed his assignee to convert his property into money and pay his scheduled debts—one of which was the note in controversy. The assignee made a payment on the note "in pursuance of express directions from the assignor" as stated in the syllabus

and opinion. And even so, Mr. Justice Valentine's concurring opinion suggested some limitations on the rule announced in the case, and Mr. Chief Justice Horton dissented *in toto*. We note that the supreme court of Utah, in *Holloway et ux. v. Wetzel*, 86 Utah 387, 45 P. 2d 565, 98 A. L. R. 1006, and annotation thereto, pp. 1012-1020, says in substance that our case of *Letson v. Kenyon* does not accord in principle with other Kansas cases decided before and after it, referring particularly to *Steele v. Souder*, 20 Kan. 39, and *Elmore v. Fanning*, 85 Kan. 501, 117 Pac. 1019, 38 L. R. A., n. s., 685. It would seem, however, from Chief Justice Horton's comment on *Letson v. Kenyon*, in *White v. Boot and Shoe Co.*, 51 Kan. 34, 38, 32 Pac. 632, that the rule of the Letson case is perfectly sound, but not applicable here.

The fact that the bankruptcy was precipitated by the maker's voluntary petition therefor does not supply any sound basis for taking the case out of the general rule. (*American Woolen Co. v. Samuelsohn*, supra; 37 C. J. 1160-1161.)

The judgment is affirmed.