MICHAEL G. COE T/A COE ELECTRIC & PLUMBING CO., Plaintiff v. HIGHLAND
SCHOOL ASSOCIATES LIMITED PARTNERSHIP, CARROLL B. LITTLE, JAMES A.
MEZZANOTTE, RICHARD J. REIMAN AND BILLY P. SHADRICK, Defendants

No. COA96-292

(Filed 7 January 1997)

1. **Limitations, Repose and Laches § 13 (NCI4th)— electrical and plumbing work—letter new promise to pay—statute of limitations tolled**

   The trial court properly denied the defendant debtors' motion for a directed verdict in a claim to recover monies owed where the defendants wrote a letter proposing or offering to pay all creditors, including plaintiff, the principal amount in full due to them plus 6% interest in two equal installments and plaintiff made his claim more than three years after the electrical and plumbing work for the defendants was completed by plaintiff. The language in the defendants' letter manifested a definite and unqualified intention to pay the debt and constituted a new promise to pay and a new contract. Pursuant to N.C.G.S. § 1-26, a new promise to pay an existing debt tolls the three-year statute of limitations for asserting a claim.

   **Am Jur 2d, Limitation of Actions §§ 319-329.**

   **Part payment or promise to pay judgment as affecting the running of statute of limitations. 45 ALR2d 967.**

   **Necessity and sufficiency, in order to toll statute of limitations as to debt, of statement of amount of debt in acknowledgment or new promise to pay. 21 ALR4th 1121.**

2. **Limitations, Repose and Laches § 13 (NCI4th)— letter— new promise to pay—amount due—tolling of statute of limitations**

   The defendant's letter to plaintiff indicating it would pay all creditors, including plaintiff, the "principal amount" in full due to them plus 6% in two equal installments was sufficient to satisfy the requirement of N.C.G.S. § 1-26 that the debtor notify the creditor, in writing, of the amount due. It was not necessary that the writing specifically state the amount owed. It was sufficient that the writing referred to some other means by which the nature and amount of the debt could be ascertained.

COE v. HIGHLAND SCHOOL ASSOC. LTD. PART.

[125 N.C. App. 155 (1997)]

**Am Jur 2d, Limitation of Actions §§ 334-337.**

**Necessity and sufficiency, in order to toll statute of limitations as to debt, of statement of amount of debt in acknowledgment or new promise to pay. 21 ALR4th 1121.**

Appeal by defendants from judgment entered 13 October 1995 in Forsyth County Superior Court by Judge William Z. Wood, Jr. Heard in the Court of Appeals 20 November 1996.

*Robert Tally, P.C., by Robert Tally, for plaintiff-appellee.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Gaither S. Walser, for defendant-appellants.*

GREENE, Judge.

Highland School Associates Limited Partnership, Carroll B. Little, James A. Mezzanotte, Richard J. Reiman and Billy P. Shadrick (collectively defendants) appeal from a judgment in the amount of $11,258.46 for the benefit of Michael G. Coe (plaintiff).

Pursuant to a contract the plaintiff performed certain electrical and plumbing work for the defendants and completed that work on 2 January 1991. During the course of the work, the plaintiff provided the defendants with invoices totaling $11,258.46. On or about 20 June 1991, the defendants' counsel sent a letter to the plaintiff stating in pertinent part:

> We have . . . informed you that the partnership has been negotiating a loan, the proceeds of which would be used to pay all creditors approximately seventy-five cents on the dollar. Recently, however, the negotiations regarding the loan have collapsed and bankruptcy appears likely. The Partnership, however, is attempting to avoid bankruptcy and work payment out with all creditors.

> In an effort to avoid bankruptcy, the Partnership proposes to pay all creditors the principal amount in full due to them plus 6% interest. No attorneys' fees or late penalties will be paid. Payment will be made in two equal installments in March of 1992 and March of 1993. The Partnership also intends to give a promissory note secured by the property to each creditor. The funds to make the installment payments under the Partnership's proposal will be derived from syndication proceeds received by the Partnership over the next several years.

**COE v. HIGHLAND SCHOOL ASSOC. LTD. PART.**

[125 N.C. App. 155 (1997)]

The last line of the 20 June 1991 letter (letter) requested that the plaintiff sign the "appropriate response below" and return the letter at the "earliest convenience." At the bottom of the page there were two lines: "Accepted" and "Rejected." The plaintiff signed his name in the space marked "Accepted."

After defendants failed to make any of the proposed payments (as set forth in the letter), plaintiff filed this complaint on 5 July 1994 seeking to recover the money owed. At the pre-trial conference the parties stipulated that the amount owing on the debt was $11,258.46. At trial the defendants moved that the plaintiff's claim be dismissed (motion for directed verdict) on the grounds that the claim was barred by the statute of limitations in that it had been filed more than three years after the last work was completed. The trial court denied the motion on the grounds that the letter tolled the running of the statute of limitations.

[1] The issue is whether a letter to a creditor (plaintiff) written by a debtor (defendant) was a new promise to pay the existing debt which tolled the statute of limitations for the plaintiff's claim pursuant to N.C. Gen. Stat. § 1-26 (1996).

---

Although the statute of limitations on contract obligations is three years, N.C.G.S. § 1-52(1) (1996), a new promise to pay or partial payment of an existing debt may extend the time to collect the debt up to three years from the time of the new promise or partial payment. *See* N.C.G.S. § 1-26 (1996); *see also Smith v. Moore*, 204 N.C. 695, 696, 169 S.E. 634, 635 (1933). However, "[n]o acknowledgment or promise is evidence of a new or continuing contract, from which the statutes of limitations run, unless it is contained in some writing signed by the party to be charged thereby." N.C.G.S. § 1-26. The writing must (1) "show the nature and amount of the debt[,] or must distinctly refer to some writing, or to some other means, by which the nature and amount of it can be ascertained," *American Multimedia, Inc. v. Freedom Distrib., Inc.*, 95 N.C. App. 750, 752, 384 S.E.2d 32, 33 (1989) (quoting *Faison v. Bowden*, 72 N.C. 405, 407 (1875)), *disc. rev. denied*, 326 N.C. 46, 389 S.E.2d 84 (1990), and (2) "manifest a *definite* and *unqualified* intention to pay the debt." *Id.* (emphasis added).

The defendants argue that the letter was an "inquiry letter . . . to determine if what [they] proposed in [the] letter was feasible[,]" and that any promises made in the letter are not sufficiently definite to toll the statute of limitations. We disagree. The letter "proposes" or offers to "pay all creditors [including this plaintiff] the principal

amount in full due to them plus 6% interest," *Black's Law Dictionary*, 1097 (5th ed. 1979) (defines "proposal" as an "offer"), and to do so ("payments will be made") "in two equal installments in March of 1992 and March of 1993." This language manifests a "definite and unqualified" intention to pay the debt.

[2] The defendants next argue that because the letter does not state the amount owed to the plaintiff, it does not qualify under N.C. Gen. Stat. § 1-26. We disagree. It is not necessary that the writing specifically state the amount owed. It is sufficient that the writing refer to some other means by which the nature and amount of the debt can be ascertained. In this case the letter referred to the "principal amount" of the debt which has never been in dispute.

No error.

Judges WYNN and MARTIN, JOHN C., concur.