PERSON EARTH MOVERS, INC. v. BUCKLAND

[136 N.C. App. 658 (2000)]

———————

PERSON EARTH MOVERS, INC. v. CARL D. BUCKLAND, SR.

No. COA99-444

(Filed 15 February 2000)

**Statute of Limitations— tolling—bankruptcy**

In an action to recover for work completed by plaintiff on defendant's property on 16 August 1989, the trial court erred in denying defendant's motion to dismiss based upon expiration of the three-year statute of limitations under N.C.G.S. § 1-52(1)

**PERSON EARTH MOVERS, INC. v. BUCKLAND**

[136 N.C. App. 658 (2000)]

because: (1) even though the statute of limitations was suspended in March 1992 when defendant filed for Chapter 13 bankruptcy, defendant's bankruptcy petition was dismissed on 4 March 1994, at which point the statute of limitations began to run again, and plaintiff did not commence this action until 1 December 1994; and (2) even though an acknowledgment of the existence of a debt may renew a statute of limitations in some circumstances, the bankruptcy trustee's installment payments to plaintiff do not warrant a clear inference that defendant acknowledged the existence of the debt, nor do these payments indicate defendant's willingness to pay such debt, in light of the facts that defendant did not list plaintiff as a creditor and objected to plaintiff's claim.

Appeal by defendant from judgment entered 1 October 1998 by Judge W. Osmond Smith, III, in Person County Superior Court. Heard in the Court of Appeals 12 January 2000.

*Ronnie P. King, P.A., by Ben S. Holloman, Jr., for plaintiff-appellee.*

*Smith, James, Rowlett & Cohen, L.L.P., by J. David James, for defendant-appellant.*

MARTIN, Judge.

Plaintiff Person Earth Movers, Inc., filed this action to recover monies allegedly owed it by defendant Carl D. Buckland, Sr. The matter was heard by the trial court sitting without a jury. The evidence tended to show that plaintiff performed work on defendant's property in August 1989, for which plaintiff submitted a bill totaling $7,140. Defendant contested the amount owed and did not pay the bill.

In March 1992, defendant filed a petition for bankruptcy under Title 11, Chapter 13 of the Bankruptcy Code, 11 U.S.C.A. 13, s.1 *et seq.* Defendant did not list plaintiff as a creditor. Plaintiff filed its claim subsequently in the amount of $10,722.76, which was allowed by the Bankruptcy Court over defendant's objection. Plaintiff was paid installments totaling $1,627.42 by the trustee in bankruptcy through February 1994. The petition in bankruptcy was dismissed on 4 March 1994.

On 1 December 1994, plaintiff filed this action alleging "[t]he plaintiff provided services to the Defendant in the amount of

$13,242.87 plus interest and Defendant has failed to pay Plaintiff for same according to the statement of account annexed hereto as Exhibit 'A'." Defendant moved to dismiss, raising the statute of limitations as an affirmative defense. The motion to dismiss was denied, and judgment was entered against defendant in the amount of $14,864.63 plus prejudgment interest at the rate of 18% from 25 September 1995 until the date of judgment and at the legal rate thereafter. Defendant appealed.

---

Defendant assigns error to the denial of his motion to dismiss based upon the statute of limitations.

The statute of limitations applicable to plaintiff's claim is three years. N.C. Gen. Stat. § 1-52(1) (1996), *see Coe v. Highland School Associates Ltd. Partnership*, 125 N.C. App. 155, 479 S.E.2d 257 (1997). The obligation to pay in this case arose when plaintiff completed the work for defendant, on 16 August 1989; the statute of limitations would normally have expired three years thereafter, on 16 August 1992. Defendant's Chapter 13 bankruptcy petition, filed in March 1992, however, suspended the operation of the statute of limitations. A bankruptcy petition suspends the statute of limitations for any state law claims involving debts protected by the bankruptcy petition which are pending at the time the petition is filed. Title 11, U.S.C.A. Chapter 1, s. 108 reads:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; . . .

The statute of limitations for a state law claim therefore expires at the end of the limitations period described by the appropriate state law, and is extended only by that amount of time the debtor is in bankruptcy. The statute of limitations in the present case was suspended in March 1992 when defendant filed a petition for bankruptcy, two years and 267 days from the start of the three year limitations

**PERSON EARTH MOVERS, INC. v. BUCKLAND**

[136 N.C. App. 658 (2000)]

period. The bankruptcy proceeding was dismissed on 4 March 1994, at which point the statute of limitations began to run again, leaving plaintiff 98 days to commence its action. Plaintiff did not commence the action until 1 December 1994, well beyond the 98 day period. Plaintiff contends, however, that payments made by the bankruptcy trustee operated to renew the entire statutory period, allowing it three years from the date of the last payment within which to file a claim.

It is true that an acknowledgment of the existence of a debt may renew a statute of limitations in some circumstances, and that a partial payment by the debtor may constitute such an acknowledgment:

A part payment operates to toll the statute if made under such circumstances as will warrant the clear inference that the debtor in making the payment recognized his debt as then existing and acknowledged his willingness, or at least his obligation, to pay the balance. Such a payment is given this effect on the theory that it amounts to a voluntary acknowledgment of the existence of the debt. From this acknowledgment the law implies a new promise to pay the balance.

*Whitley's Electric Service, Inc. v. Sherrod,* 293 N.C. 498, 505, 238 S.E.2d 607, 612 (1977).

Plaintiff contends the payments made by the bankruptcy trustee support a "clear inference" that defendant recognized and acknowledged his debt. We disagree. In *Battle v. Battle,* 116 N.C. 161, 21 S.E. 177 (1895), our Supreme Court stated: "[i]t is settled that a payment by assignees in bankruptcy and for the benefit of creditors does not take the case out of the statute of limitations." *Id.* at 164, 21 S.E. at 177. The Court's holding in *Battle* was reaffirmed in 1913 in *Shelby National Bank v. Hamrick,* 162 N.C. 216, 78 S.E. 12 (1913).

Plaintiff argues that Battle was decided at a time when bankruptcy proceedings were involuntary; where the proceeding is forced upon the debtor, no acknowledgment could possibly occur. Petitions under Chapter 13, however, are voluntary. *See* David A. Moss, Gibbs A. Johnson, *The Rise of Consumer Bankruptcy: Evolution, Revolution, or Both?,* 73 Am.Bankr.L.J. 311 (Spring 1999) (detailing the historical evolution of consumer bankruptcy law). Plaintiff contends that by voluntarily filing for bankruptcy protection, a debtor essentially acknowledges his or her indebtedness, and any payments by the bankruptcy trustee therefore revive the entire limitations

**PERSON EARTH MOVERS, INC. v. BUCKLAND**

[136 N.C. App. 658 (2000)]

period. If plaintiff's argument were true, there would be no need for the rule regarding statutes of limitations described in Title 11, U.S.C.A. Chapter 1, s. 108, as each payment by the bankruptcy trustee would start the statute of limitations afresh for each creditor's claim against the debtor. This rule would have to be replaced by one which measured the statute of limitations against the date of the final payment made by the bankruptcy trustee. Obviously, such is not the case.

Moreover, current bankruptcy law carefully delineates the role of the bankruptcy trustee and does not empower a trustee to act on behalf of the bankrupt. The bankruptcy trustee is not the agent or employee of the bankrupt but merely manages the estate of the bankrupt; as such, the trustee has no authority to make promises on behalf of the bankrupt. *See* Title 11, U.S.C.A. Chapter 11, s. 1 *et seq.*, Title 11, U.S.C.A. Chapter 13, s. 1, 1302; *see also First Nat. Bank v. Signs*, 73 P.2d 1109 (1937). As stated by the Kansas Supreme Court in *First National*: "Neither [the trustee's] duty nor power includes authority to promise that the bankrupt will pay the residue of the debt, and a payment by him on account of a claim against the bankrupt is not such an acknowledgment of the debt as will stop the running of the Statute of Limitations," and "[t]he fact that the bankruptcy was precipitated by the maker's voluntary petition therefore does not supply any sound basis for taking the case out of the general rule." *Id.* at 1109-10.

In the present case, the bankruptcy trustee's installment payments to plaintiff do not warrant a "clear inference" that defendant acknowledged the existence of the debt, nor do these payments indicate defendant's willingness to pay such debt. This is especially true where defendant did not list plaintiff as a creditor and objected to plaintiff's claim.

Accordingly, plaintiff's action was not filed within the applicable period of limitations and defendant's motion to dismiss should have been granted. Therefore, we must remand this action to the trial court for entry of a judgment dismissing the action.

Reversed and remanded.

Judges TIMMONS-GOODSON and HORTON concur.