## COOPER v. JONES.

(Filed March 12, 1901.)

LIMITATION OF ACTIONS—*New Promise—The Code. Sec. 172.*

> An acknowledgment and promise, in order to sustain an action under The Code, Sec. 172, must be express, specific, and unconditional.

ACTION by G. H. Cooper against E. C. Jones, heard by *H. R. Starbuck,* upon an agreed state of facts, at October Term, 1900, of FRANKLIN County Superior Court. From a judgment for plaintiff, the defendant appealed.

*T. W. Bickett,* for the plaintiff.
*W. M. Person,* for the defendant.

COOK, J. It is the policy of the law that there shall be an end of litigation—*interest rei publica ut sit finis litium.* And after a cause is once barred, it can not be revived except by a strict and full compliance with the statute permitting it.

The "due bill" sued upon was barred before the action was begun, and the Statute of Limitations was pleaded. The plaintiff then declared upon a new promise and sets up two letters written him by the defendant. The language relied upon in one letter to establish the *promise* is, "You have my due bill, and I am going to pay it as soon as I possibly can." In the other, it is, "As soon as I can, I am going to settle all of my indebtedness." The latter expression is vague and indefinite. The former is conditional—predicated upon the possibility of his ability.

It has been uniformly held by this Court that the acknowledgment and promise, in order to sustain an action under section 172 of The Code, must be express, specific and unconditional. See cases cited thereunder in Clark's Code.

This case differs from that of *Taylor v. Miller,* 113 N. C., 340, in that Miller wrote, "I promise to settle both of your claims the first of next month"; while in this case the promise is to pay "as soon as I possibly can." In the former, the promise was distinct, specific and certain; in this case, it is conditional.

This construction is sustained in *Mallock v. Chadwick,* 71 Maine, 313, the language being, "when I was (am) able." *Bidwell v. Rogers,* 10 Allen (Mass.), 438 ("as soon as I can"); *Sedgwick v. Gerding,* 55 Ga., 261 ("as soon as I have the money I shall remit"); *Tompkins v. Brown,* 1 Denio (N. Y.), 247 ("as soon as he is able"). In no view can the language used in the letter be so construed as to come within the requirement of the statute. Code, sec. 172.