C. L. SMITH, AGENT FOR S. A. MOORE, v. P. L. GORDON.

(Filed 14 June, 1933.)

1. **Judgments N b—Foreign judgment in rem in nature of attachment is conclusive only to value of property seized and sold.**

   A distress judgment of another state in a proceeding *in rem* in the nature of an attachment, obtained without personal service, is conclusive only to the amount of the value of the property seized and sold, and an action on the judgment may not be maintained in this State to recover the balance due on the judgment after deducting the amount brought by the sale of the property.

2. **States A a—**

   In an action on a debt contracted in another state in which the statute of limitations is pleaded the statute of limitations of the forum must govern.

3. **Limitation of Actions C b—**

   The three-year statute of limitations bars a simple action for debt, and where a letter relied on as arresting the running of the statute is written more than three years before the commencement of the action it is ineffective. C. S., 416.

4. **Same—Letter in this case held not to remove bar of statute of limitations.**

   In order for a letter signed by the debtor to remove the bar of the statute of limitations it must contain an express, unconditional promise to pay or a definite, unqualified acknowledgment of the debt as a subsisting obligation, and a letter acknowledging the debt at the time defendant left plaintiff's city but claiming that it had been canceled by the creditor's action in selling the debtor's goods of a value greatly in excess of the debt, is not such an acknowledgment of a subsisting obligation as will repeal the statutory bar.

CIVIL ACTION, before *Cowper, Special Judge,* at May Term, 1932, of PASQUOTANK.

On 25 September, 1926, C. L. Smith, agent for S. A. Moore, in an action in the Circuit Court for Kanawha County, State of West Virginia, secured a judgment against the defendant for the sum of $710.00 with interest thereon. This judgment recites that on 2 September, 1926, an affidavit was filed as provided by statute and a distress warrant issued against the defendant, commanding the proper officer of the State of West Virginia "to distrain so much of goods and chattels of defendant as were found upon messuage and tenement described in the affidavit as shall be sufficient to satisfy the rent in arrears and the cost of the distress as claimed in the said affidavit," etc. Pursuant to such warrant certain personal property of defendant was seized and sold. The sale was made on 6 October, 1926, and the property, according to the return of the constable, brought $50.00.

On 23 May, 1930, the plaintiff Smith, as agent for said Moore, instituted an action against the defendant in Pasquotank County. The complaint recited the West Virginia judgment and said judgment was duly authenticated as provided by law. The defendant did not answer and a judgment by default was taken. However, this judgment was afterwards vacated on the ground of excusable neglect, and the plaintiff did not appeal. Hence this phase of the case is not relevant. The defendant filed an answer alleging that the plaintiff had secured a judgment against him in West Virginia without personal service and had seized and sold all of his office furniture and fixtures. The evidence tended to show that S. A. Moore owned an office building in Charleston, West Virginia, and that the defendant rented certain offices and vacated the premises and left the State. On 24 July, 1926, the defendant wrote the following letter: "Maple City, Mich., 24 July, 1926. Mr. S. A. Moore, Charleston, W. Va., Dear Mr. Moore: Your letter of the 21st just received and I am only answering it as I am sending to my friend George Brooks a copy of this letter so he will know just how I stand in reference to my indebtedness to you. When I left Charleston I owed you $378.00 up to the fifteenth of January, 1926, when I told you that I was leaving and where you said that you would have to hold my equipment for the debt, which was all that was said. Then in March you write me that you have me charged with rent to March first at the full rate on account of my stuff still being in the office, and thereafter you would have it moved to one room and only charge me thirty dollars a month storage, your rooms you must remember only rented for twenty dollars a month. I wrote you then that I would pay you the $378.00 from January the fifteenth interest added as fast as I could, and that I would pay no further attention to any communication until you sent me over your signature a statement of my true indebtedness. So far you have failed to do so, and that is the reason that I have made no effort to pay you anything. I also said in the same letter that you

be right sure of your legal rights to sell any of that equipment as you threatened to do. P. L. Gordon." On 19 December, 1929, the defendant also wrote the following letter: "Camden, N. C., 19 December, 1929. American Creditors Association, Cincinnati, Ohio. Gentlemen: Your form letter in regard to my indebtedness to Mr. S. A. Moore, of Charleston, W. Va., just received and in reply will say that I never owed Mr. Moore any such sum, but when I left Charleston on January, 1926, I did owe him $378.00, and the accompanying copy of a letter that I wrote to Mr. Moore from Michigan in July of that year will show you just how matters stood between us. Since the writing of that letter some two years ago he sold my equipment which was worth to me more than the indebtedness, and I consider that my debt to him has been automatically canceled therefor. Besides office furniture there was a library that was worth not less than five or six hundred dollars and all in all there was about a thousand or twelve hundred dollars worth of material that I left to secure an indebtedness of only $378.00. This has all been sold by order of court as I was notified by the authorities such action was being taken by Mr. Moore some time in 1926 or 1927. It would naturally embarrass me for you to do as you threaten, but do not think for one moment that I will not meet you in any court. P. L. Gordon."

At the close of plaintiff's evidence the defendant moved for judgment of nonsuit. A judgment of nonsuit was entered and the plaintiff appealed.

*Geo. J. Spence for plaintiff.*
*W. I. Halstead for defendant.*

BROGDEN, J. The two determinative questions of law presented by the record are:

1. What is the effect of the distress judgment rendered in West Virginia in September, 1926?

2. Do the letters written by the defendant prevent the bar of the statute of limitations?

The West Virginia judgment, upon its face, is a proceeding *in rem* in the nature of an attachment and was obtained without personal service upon the defendant. Such a judgment "is conclusive evidence that the debt sued on was due to the plaintiff in it, to the value of the property attached, but of nothing more." *Peebles v. Patapsco Guano Co.,* 77 N. C., 233; *Warlick v. Reynolds,* 151 N. C., 606, 66 S. E., 657; *Johnson v. Whilden,* 166 N. C., 104, 81 S. E., 1057. Consequently, the plaintiff's suit cannot be maintained upon the judgment, but must of necessity rest upon the debt. As against the debt the defendant pleads the statute of limitations. In actions of debt the statute of limitation of the forum

must govern. *Tieffenbrun v. Flannery,* 198 N. C., 397, 151 S. E., 857. Obviously the three-year statute of limitations bars the debt unless the letters set out in the record are sufficient to remove the bar and keep the debt alive. C. S., 416, prescribes the statutory method of arresting the running of the statute. The accepted principle of law was stated in *Phillips v. Giles,* 175 N. C., 409, 95 S. E., 772, as follows: "In order to revive a debt which is barred by the statute, there should be an express unconditional promise to pay the same or that there should be a definite, unqualified acknowledgment of the debt as a subsisting obligation and from which the law will imply a promise to pay." *Wells v. Hill,* 118 N. C., 900, 24 S. E., 771; *Irvin v. Harris,* 182 N. C., 647, 109 S. E., 867. Manifestly the letter of 24 July, 1926, even if it amounted to an express promise to pay the debt, was ineffective on 23 May, 1930, when the present suit was instituted. Moreover, the letter of 19 December, 1929, is not such an acknowledgment of a subsisting obligation as the statute or decisions contemplate as sufficient and adequate to tear down the bar of limitation. Therefore, the ruling of the trial judge was correct.

The court is not inadvertent to the fact that the action was instituted by Smith as agent for Moore, but it is not deemed necessary to discuss this phase of the case.

Affirmed.