Hartness v. Penny

DR. W. R. HARTNESS v. RONALD T. PENNY, ADMINISTRATOR OF THE ESTATE OF A. C. HARRIS, DECEASED

No. 7411DC352

(Filed 5 June 1974)

Accounts § 1— action on account — statute of limitations — mailing of account — account stated — payment by Medicare

In a physician's action on an account in which defendant pled the statute of limitations as to a major portion of the account, plaintiff's evidence on motion for summary judgment that a true copy of the account had been mailed to defendant's intestate did not show that the account had been converted from an open account to an account stated where there was no showing as to when the account was mailed, and evidence that a payment had been made on the account by Medicare did not show as a matter of law that a payment had been made by the debtor which would toll the statute of limitations; therefore, the trial court erred in granting summary judgment for plaintiff for the entire amount of the account.

APPEAL by defendant from *Lyon, District Court Judge,* 26 November 1973 Session of District Court held in LEE County.

On 28 September 1973, plaintiff sued on an account totaling $719.20 alleged to be due from defendant's intestate.

Defendant admits a debt of $42.00 but pleads the statute of limitations as to the other items in the account.

Defendant moved for summary judgment as to all the account except $42.00. Plaintiff moved for summary judgment and, in support of the motion, filed a copy of the account and an affidavit by his bookkeeper. The copy of the account indicated a balance of $250.00 in 1965 and showed entries for services to and including 6 March 1971. The last payment by defendant was on 11 September 1968. One entry disclosed a payment on the account by Medicare on 6 May 1970. Included in the affidavit is a statement that a true copy of the account had been mailed to A. C. Harris, defendant's intestate. The date of the alleged mailing is not specified. Harris is alleged to have died on 14 September 1972.

Plaintiff's motion for summary judgment was allowed, and judgment was entered in his favor for $719.20.

*W. W. Seymour by H. Clinton Cheshire for plaintiff appellee.*

*Ronald T. Penny for defendant appellant.*

VAUGHN, Judge.

It was error to grant plaintiff's motion for summary judgment.

Plaintiff's theory is that the mailing of the account to defendant converted the account from an open account to an account stated. At this stage of the proceeding, this contention must fail for there is no showing *when* the account was mailed. It could have been mailed the day before Harris died. For that reason, there can be no presumption that Harris examined the account and accepted it as correct. We also note that the mere entry showing a payment by Medicare on 6 May 1972, would not, standing alone and as a matter of law, constitute a payment by the debtor which would toll the statute of limitations.

The judgment granting plaintiff's motion is reversed, and the case is remanded.

Reversed and remanded.

Judges PARKER and CARSON concur.