AMERICAN MULTIMEDIA, INC. v. FREEDOM DISTRIBUTING, INC.

[95 N.C. App. 750 (1989)]

payment if the termination was for cause. When a contract is clear and unambiguous, we must "give effect to its terms, and we will not, under the guise of construction, insert what the parties elected to omit." *Olive v. Williams*, 42 N.C. App. 380, 383, 257 S.E.2d 90, 93 (1979) (citation omitted). Accordingly, this court will not insert into the agreement a 'termination for cause' provision. We note that the record indicates there was no dispute between the parties that plaintiff was terminated at the request of Bernard Mann, president of defendant corporation.

Accordingly, the trial court committed no error in striking defendant's "FIFTH DEFENSE," on the grounds that the defense was irrelevant and immaterial, having 'no possible bearing upon the litigation,' and because the defense was legally insufficient.

No error.

Judges JOHNSON and COZORT concur.

---

AMERICAN MULTIMEDIA, INC., PLAINTIFF v. FREEDOM DISTRIBUTING, INC., DEFENDANT

No. 8915SC78

(Filed 3 October 1989)

**Limitation of Actions §§ 13, 14— contract to reproduce tapes—letter not acknowledgment of debt—statute not tolled—partial payment—action barred anyway**

In an action to recover on a contract for the reproduction of cassette tapes, statements by defendant that "we plan to pay" $15,000 every month up to June 1985 and "we expect to pay the balance" failed to show the nature and amount of the debt, at best demonstrated a willingness to pay based on defendant's ability to make the monthly payments, and was insufficient to toll the statute of limitations; furthermore, even if defendant's partial payment of $10,000 on 20 December 1984 was sufficient to start the statute of limitations running anew, the statute had run by the time plaintiff's action was filed on 27 January 1988, and the action was therefore barred.

AMERICAN MULTIMEDIA, INC. v. FREEDOM DISTRIBUTING, INC.

[95 N.C. App. 750 (1989)]

APPEAL by plaintiff from *Allen (James B., Jr.), Judge*. Order entered 24 September 1988 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 11 September 1989.

Plaintiff is in the business of reproducing cassette tapes. From January 1984 through June 1984 plaintiff produced approximately 200,000 cassette tapes for defendant which were not paid for.

On 18 June 1984 plaintiff refused to process any further orders for the defendant. Negotiations ensued, and on 30 October 1984 the parties signed an agreement whereby defendant was to pay plaintiff the sum of $172,068.14. On 14 December 1984 defendant sent plaintiff a letter, which read in pertinent part:

> We are budgeting our payment schedule now and plan to pay you $15,000.00 this month and every month up to June of 1985 of which we expect to pay the balance. Please review this statement and if you should have any questions do not hesitate to call me.

Payment of $10,000 was made on 20 December 1984 but no other payments were forthcoming.

On 27 January 1988, plaintiff filed its complaint for breach of contract. Defendant made a motion to dismiss pursuant to Rule 12(b)(6) on the grounds that the applicable statute of limitations had run on plaintiff's claim. Defendant's motion was granted and plaintiff appeals.

*Mary K. Nicholson and Robert H. Hood, III for plaintiff-appellant.*

*Casstevens, Hanner, Gunter & Gordon, P.A., by Marc R. Gordon, for defendant-appellee.*

LEWIS, Judge.

Plaintiff argues that the trial court erred in dismissing its complaint on the grounds that the statute of limitations had run. The statute of limitations for breach of contract actions in North Carolina is three years. G.S. 1A-1-52. Plaintiff raises for the first time in its brief the applicability of the four-year statute of limitations afforded under Article 2 of the North Carolina Uniform Commercial Code. G.S. 25-2-725. Since plaintiff failed to raise this issue on its motion to dismiss, this issue is not properly before us. *Allred v. Tucci*, 85 N.C. App. 138, 144, 354 S.E.2d 291, 295, *disc. rev.*

*denied,* 320 N.C. 166, 358 S.E.2d 47 (1987). *Tallent v. Blake,* 57 N.C. App. 249, 252, 291 S.E.2d 336, 339 (1982) ("the law does not permit parties to swap horses between courts in order to get a better mount in the Supreme Court" *quoting, Weil v. Herring,* 207 N.C. 6, 10, 175 S.E.2d 836, 838 (1934)). Therefore, we do not address the issue of whether reproduction of cassette tapes falls within the ambit of Article 2.

Applying the three-year statute of limitations to this case, the pleadings reveal that the statute of limitations has run.

Plaintiff contends that defendant's 14 December 1984 letter acted as an acknowledgment of the debt owed to plaintiff and thus served to toll the statute of limitations. G.S. 1-26 provides, "no acknowledgment or promise is evidence of a new or continuing contract, from which the statutes of limitation ran, unless it is contained in some writing signed by the party to be charged thereby. . . ." Case law construing this statute has made it clear that the promises must be in writing and must manifest a definite and unqualified intention to pay the debt in order for the writing to effectively toll the statute of limitations. *Smith v. Gordon,* 204 N.C. 695, 698, 169 S.E. 634, 635 (1933). The 14 December 1984 letter merely states that "we plan to pay" and "we expect to pay" the debt. These conditional expressions of defendant's willingness to pay the plaintiff are not sufficiently precise to amount to an unequivocal acknowledgment of the original amounts owed. *See Cooper v. Jones,* 128 N.C. 40, 38 S.E. 28 (1901) (A writing stating "I am going to pay it as soon as I can" was conditioned upon ability to pay and was insufficient to toll the statute of limitations.).

In *Faison v. Bowden,* 72 N.C. 405 (1875), the debtor told his creditor, "I can't pay you what I owe you, but I will pay you soon, or next winter." Finding this to be insufficient to toll the statute of limitations, the court stated:

The rule to be gathered from the numerous cases to which we were referred by the counsel, may be thus expressed. The new promise must be definite, and show the nature and amount of the debt; or must distinctly refer to some writing, or to some other means, by which the nature and amount of it can be ascertained. Or, there must be an acknowledgment of a present subsisting debt, equally definite and certain, from which a promise to pay such debt may be implied.

CUMBERLAND ASSOCIATES v. SCOTTO'S PIZZA OF N.C.

[95 N.C. App. 753 (1989)]

*Id.* at 407. In the present case, the statements by defendant that "we plan to pay" $15,000 every month up to June 1985 and "we expect to pay the balance" fail to show the nature and amount of the debt and at best demonstrate a willingness to pay based on defendant's ability to make the monthly payments. This promise is insufficient to repel the statute of limitations.

Partial payment, intended to acknowledge the underlying debt, will also toll the statute of limitations on the original cause of action. The plaintiff alternatively argues this was the effect of the 20 December 1984 payment. *McDonald v. Dickson*, 87 N.C. 404 (1882).

Here, even if defendant's partial payment served to toll the three-year statute of limitations on the underlying debt, it began to run again from 20 December 1984. *Pickett v. Rigsbee*, 252 N.C. 200, 205, 113 S.E.2d 323, 327 (1960) (partial payments made by defendant on six notes owned by plaintiff started the statute of limitations running anew from the date of each payment). Since plaintiff's complaint was not filed until 27 January 1988, the statute of limitations had run on the action and plaintiff's claim is therefore barred.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.