DORIS R. HORTON v. CAROLINA MEDICORP, INC., FORSYTH COUNTY HOSPITAL AUTHORITY, INC. AND FORSYTH MEMORIAL HOSPITAL

No. COA94-935

(Filed 15 August 1995)

1. **Hospitals and Medical Facilities or Institutions § 62 (NCI4th)— medical malpractice claim against hospital— applicability of continued course of treatment doctrine**

   The continued course of treatment doctrine applies in medical malpractice actions against hospitals.

   **Am Jur 2d, Hospitals and Asylums §§ 38, 39.**

2. **Limitations, Repose, and Laches § 24 (NCI4th)— medical malpractice of hospital alleged—claim not bared by statute of limitations**

   Plaintiff's medical malpractice action against defendant hospital was not barred by the statute of limitations where plaintiff alleged that, as a result of defendant's negligence, she sustained injuries, underwent a second surgery on 20 November 1990 to repair those injuries, and remained in the hospital until 6 December 1990; plaintiff filed her action on 6 December 1993; and the continued course of treatment doctrine applied.

   **Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 316 et seq.**

HORTON v. CAROLINA MEDICORP, INC.

[119 N.C. App. 777 (1995)]

Appeal by plaintiff from order entered 27 June 1994 by Judge James A. Beaty, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 11 May 1995.

*Warren Sparrow and Cranwell & Moore, by C. Richard Cranwell, for plaintiff-appellant.*

*Wilson & Iseman, L.L.P., by G. Gray Wilson and Tamura D. Coffey, for defendant-appellee.*

MARTIN, MARK D., Judge.

This appeal arises out of a medical malpractice action against a hospital wherein, on 27 June 1994, the trial court entered an order dismissing plaintiff's complaint with prejudice.

The record shows that on 15 November 1990 defendant Forsyth Memorial Hospital (Hospital) admitted plaintiff for a total abdominal hysterectomy. On 16 November 1990 a Foley catheter, inserted during surgery, was removed. After the removal of the catheter, plaintiff experienced difficulty urinating, causing her bladder to become distended. Plaintiff was unable to void her bladder for a twenty-four hour period, resulting in a vesico-peritoneal fistula in the bladder. Her condition was discovered on 17 November 1990 when a Foley catheter was reinserted. Plaintiff alleges that because the Hospital's nurses failed to monitor her bladder, she underwent a cystourethroscopy and pelvic examination, and an exploratory laparotomy on 20 November 1990. Postoperatively, plaintiff was transferred to the intensive care unit. On 6 December 1990 plaintiff was discharged from defendant Hospital with the Foley catheter in place.

On 6 December 1993 plaintiff instituted a medical malpractice action to recover damages from defendants, alleging negligence on the part of defendant Hospital's nursing staff. On 25 March 1994 the trial court granted defendants' motion for a more definite statement. On 14 April 1994 plaintiff filed her more definite statement. On 3 May 1994 defendants answered, denying the material allegations of the complaint and asserting various defenses to plaintiff's claim, including a motion to dismiss plaintiff's action because it was barred by the statute of limitations. On 29 June 1994 the trial court dismissed plaintiff's action with prejudice.

The question presented by this appeal is whether plaintiff's claim is barred by the running of the statute of limitations.

**HORTON v. CAROLINA MEDICORP, INC.**

[119 N.C. App. 777 (1995)]

A statute of limitations defense is properly asserted in a motion to dismiss under Rule 12(b)(6). *Fleet Real Estate Funding Corp. v. Blackwelder*, 83 N.C. App. 27, 31, 348 S.E.2d 611, 614 (1986), *disc. review denied*, 319 N.C. 104, 353 S.E.2d 109 (1987). Once defendant raises a defense based on the statute of limitations, "the burden of showing that the action was instituted within the prescribed period [is] placed upon plaintiff." *Pembee Mfg. Corp v. Cape Fear Constr. Co.*, 69 N.C. App. 505, 507, 317 S.E.2d 41, 42-43 (1984), *aff'd*, 313 N.C. 488, 329 S.E.2d 350 (1985) *(citing Little v. Rose*, 285 N.C. 724, 727, 208 S.E.2d 666, 668 (1974)). To dismiss an action on the basis of a Rule 12(b)(6) motion, the complaint must fail to state any set of facts which would entitle plaintiff to relief. *Ladd v. Estate of Kellenberger*, 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985). In considering the sufficiency of the complaint under Rule 12(b)(6), a court must accept as true the facts alleged therein. *Smith v. Ford Motor Co.*, 289 N.C. 71, 80, 221 S.E.2d 282, 288 (1976).

All parties agree the applicable statute of limitations in this case is N.C. Gen. Stat. § 1-15(c). Under Section 1-15(c) a cause of action for malpractice arising out of the performance or failure to perform professional services accrues at the time of the occurrence of the last act of the defendant giving rise to the claim. N.C. Gen. Stat. § 1-15(c) (1983). From that date, plaintiff has a minimum of three years within which to bring a suit for medical malpractice, but must bring the suit within four years of the last act of the defendant giving rise to the cause of action. *Id.* An exception to the rule that the action accrues at the time of defendant's negligence is the continued course of treatment doctrine. *Stallings v. Gunter*, 99 N.C. App. 710, 714, 394 S.E.2d 212, 215, *disc. review denied*, 327 N.C. 638, 399 S.E.2d 125 (1990). Under this doctrine, the action accrues at the conclusion of the physician's treatment of the patient, so long as the patient has remained under the continuous treatment of the physician for the injuries which gave rise to the cause of action. *Id.*

Defendants contend plaintiff's second surgery on 20 November 1990 represents the last act of defendant arising out of the alleged negligence, and therefore plaintiff's action filed on 6 December 1993 is barred by the statute of limitations. Plaintiff, however, contends the continued course of treatment doctrine exception to the three-year statute of limitations mandates that her cause of action accrue with her discharge from the Hospital on 6 December 1990. Because plain-

tiff filed her complaint on 6 December 1993, plaintiff argues she filed within the statutory period. In opposition, defendants contend plaintiff may not benefit from the continued course of treatment doctrine because the doctrine does not apply to hospital-patient relationships or, alternatively, if the doctrine does apply, plaintiff knew or should have known of her injury prior to her discharge on 6 December 1990.

**[1]** Therefore, the threshold issue in this case is whether the continued course of treatment doctrine applies in medical malpractice actions against hospitals.

This Court has recognized that hospitals may be liable in a medical malpractice action for damages for personal injury or death arising out of a hospital's furnishing or failure to furnish professional services. *Clark v. Perry*, 114 N.C. App. 297, 311, 442 S.E.2d 57, 65 (1994) (plaintiff may proceed against hospital in medical malpractice action).

Our legislature has indicated that a medical malpractice action is any action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services by a health-care provider as defined in G.S. 90-21.11. *Watts v. Cumberland County Hosp. System, Inc.*, 75 N.C. App. 1, 9, 330 S.E.2d 242, 249 (1985), *rev'd on other grounds*, 317 N.C. 321, 345 S.E.2d 201 (1986). Section 90-21.11 defines "health-care provider" as:

> [A]ny person who pursuant to the provisions of Chapter 90 of the General Statutes is licensed, or is otherwise registered or certified to engage in the practice of or otherwise performs duties associated with any of the following: medicine, surgery, dentistry, pharmacy, optometry, midwifery, osteopathy, podiatry, chiropractic, radiology, nursing, physiotherapy, pathology, anesthesiology, anesthesia, laboratory analysis, rendering assistance to a physician, dental hygiene, psychiatry, psychology; or a hospital as defined by G.S. 131-126.1(3); or a nursing home as defined by G.S. 130-9(e)(2); or any other person who is legally responsible for the negligence of such person, hospital or nursing home; or any other person acting at the direction or under the supervision of any of the foregoing persons, hospital, or nursing home.

N.C. Gen. Stat. § 90-21.11 (1993) (emphasis added).

The General Assembly has not accorded hospitals any preferential treatment over other health-care professionals under Section 90-21.11. We are not persuaded by defendants' argument that the doc-

trine should not apply because there is no alleged relationship of trust and confidence between a hospital and patient. Accordingly, we conclude the continued course of treatment doctrine applies to hospitals.

Having determined the continued course of treatment doctrine applies to hospitals, we now apply the doctrine to the present case.

[2] Plaintiff contends the Hospital failed to furnish a professional service because its nurses failed to monitor the voiding of her bladder for a twenty-four hour period. Plaintiff alleges as a result of the Hospital's negligence, she sustained injuries, underwent a second surgery on 20 November 1990 to repair those injuries, and remained in the hospital until 6 December 1990.

Under the continued course of treatment doctrine, plaintiff must show (1) the existence of a continuing relationship with the defendant and (2) that she received subsequent treatment from the defendant. *Stallings v. Gunter*, 99 N.C. App. at 715, 394 S.E.2d at 216. "Subsequent treatment must consist of 'either an affirmative act or an omission, [which] must be related to the original act, omission, or failure which gave rise to the cause of action.' " *Id.* However, "[m]ere continuity of the general [hospital]-patient relationship is insufficient to permit one to take advantage of the continuing course of treatment doctrine." *Id.* Under the doctrine plaintiff's cause of action accrues "at the earlier of (1) the termination of defendant's treatment of the plaintiff or (2) the time at which the plaintiff knew or should have known of his injury." *Ballenger v. Crowell*, 38 N.C. App. 50, 60, 247 S.E.2d 287, 294 (1978).

Plaintiff's complaint and more definite statement reveal that she experienced difficulty in urinating on 16 November 1990 following her abdominal hysterectomy; that the Foley catheter was reinserted on 17 November 1990; and that on 20 November 1990 plaintiff underwent a second surgery as a result of the Hospital's alleged negligence.

Although plaintiff remained at the Hospital until 6 December 1990, mere continuity of the hospital-patient relationship, standing alone, is insufficient to toll the statutory limitations period pursuant to the continuing course of treatment doctrine. *See Stallings v. Gunter, supra.* Although we acknowledge "the burden of showing that the action was instituted within the prescribed period [is] placed upon plaintiff," *Pembee Mfg. Corp.*, 69 N.C. App. at 507, 317 S.E.2d at 42, after a careful review of plaintiff's complaint and more definite statement, we believe plaintiff has alleged sufficient facts in support

of her claim to survive defendants' Rule 12(b)(6) motion to dismiss. Accordingly, we reverse the order of the trial court dismissing this case and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

Judges EAGLES and WYNN concur.