Judges JOHNSON and WALKER concur.

———————

JOHNSON NEUROLOGICAL CLINIC, INC., Plaintiff v. WILLIAM ARTHUR KIRKMAN, Defendant

No. 9418DC553

(Filed 2 January 1996)

### 1. Limitations, Repose, and Laches § 55 (NCI4th)— continuing medical treatment—accrual of cause of action for collection of payment

Absent a contract stipulating the date when payment is due, a cause of action for collection of payment for continuing medical treatment arises at the time the last treatment is provided. In this case, there was a genuine issue of material fact as to when the last medical services were provided to defendant for purposes of determining when the statute of limitations began to run, and the trial court therefore erred in entering summary judgment for plaintiff.

JOHNSON NEUROLOGICAL CLINIC v. KIRKMAN

[121 N.C. App. 326 (1996)]

**Am Jur 2d, Limitation of Actions § 100; Physicians, Surgeons, and Other Healers § 390.**

**Limitation of actions: physician's claim for compensation for medical services or treatment. 99 ALR2d 251.**

**When statute of limitations begins to run against action based on unwritten promise to pay money where there is no condition or definite time for repayment. 14 ALR4th 1385.**

2. **Limitations, Repose, and Laches § 13 (NCI4th)— settlement statement—insufficient acknowledgment to toll statute of limitations**

A settlement statement signed by defendant in his personal injury claim was not a sufficient acknowledgment of a debt for medical treatment to toll the statute of limitations where defendant's statement that he "plan[ned] to re-file this on my insurance and [handle] the balance myself" indicated that his payment was conditioned upon whatever the insurance coverage did not pay, was not a definite and unqualified intent to pay, and failed to show the nature and amount of the debt owed.

**Am Jur 2d, Limitation of Actions §§ 325-337.**

**Necessity and sufficiency, in order to toll statute of limitations as to debt, of statement of amount of debt in acknowledgment or new promise to pay. 21 ALR4th 1121.**

3. **Limitations, Repose, and Laches § 10 (NCI4th)— statute of limitations—defendant not equitably estopped from pleading**

Defendant was not equitably estopped from pleading the statute of limitations as a bar to recovery of costs for medical services rendered by plaintiff to defendant, since the evidence tended to show that, even if plaintiff had relied upon defendant's representations and had foregone collection efforts, such reliance ended when defendant settled his personal injury claim and forwarded a copy of his settlement statement to plaintiff; plaintiff thereafter wrote defendant a letter demanding that defendant begin making monthly payments; and plaintiff subsequently threatened collection efforts.

**Am Jur 2d, Limitation of Actions §§ 431-438, 445.**

JOHNSON NEUROLOGICAL CLINIC v. KIRKMAN

[121 N.C. App. 326 (1996)]

**Promises to settle or perform as estopping reliance on statute of limitations. 44 ALR3d 482.**

**Plaintiff's diligence as affecting his right to have defendant estopped from pleading the statute of limitations. 44 ALR3d 760.**

4. **Accounts and Accounts Stated § 5 (NCI4th)— claim for medical treatment—account stated—partial payment**

Although a review of the record shows circumstances which could entitle plaintiff to judgment on its claim for medical services rendered to defendant upon theories of account stated and partial payment on account, summary judgment is inappropriate because those theories require that factual determinations be made.

**Am Jur 2d, Accounts and Accounting § 51.**

**Account stated based upon check or note tendered in payment of debt. 46 ALR3d 1325.**

Appeal by defendant from order granting summary judgment to plaintiff entered 19 March 1994 by Judge Donald L. Boone in Guilford County District Court. Heard in the Court of Appeals 21 February 1995.

Defendant William Kirkman engaged the services of plaintiff, Johnson Neurological Clinic, Inc., in July 1988 for treatment of injuries sustained in an automobile collision. The treatment, including physical therapy and later surgery, continued until sometime in mid-1989. Kirkman's health insurance carrier covered all but $163.63 of the charges until the surgery in April 1989. Kirkman incurred an additional $5,895.50 in charges for the surgery and follow-up treatment. These charges were never paid by Kirkman's insurance carrier.

On 6 July 1989, plaintiff received a letter from Kirkman's attorney advising that he would be representing Kirkman in a personal injury action arising out of the automobile collision. Plaintiff provided the attorney with Kirkman's medical records for use in settlement negotiations. After the contact with Kirkman's attorney, plaintiff made no further effort to collect the amount owed by Kirkman until late 1990.

On 16 November 1990, plaintiff contacted Kirkman's attorney about the status of Kirkman's personal injury claim. In response to this inquiry, on 3 December 1990 the attorney forwarded a copy of a

portion of the settlement statement signed by Kirkman on 25 July 1990. Under the settlement, Kirkman received $42,500.00, of which $33,196.30 was paid directly to him. The settlement statement reads, in part:

> I, William A. Kirkman has [sic] requested my attorney not to pay Johnson Neurological out of this settlement. My plans are to refile this on my insurance and handled [sic] the balance myself.
>
> <u>s/ William A. Kirkman</u>
> William A. Kirkman

After receiving this statement, plaintiff sent a letter to Kirkman dated 4 December 1990 requesting that he begin making monthly payments towards his unpaid balance. On 11 March 1991 plaintiff sent another letter to Kirkman, characterized as a "FINAL REQUEST for payment" threatening collection efforts unless payment was received on or before 19 March 1991.

Plaintiff filed this action against Kirkman on 6 July 1992, seeking judgment for the amount owed plus interest. Kirkman filed an answer denying the allegations of the complaint and asserting the statute of limitations as an affirmative defense. Both parties moved for summary judgment and filed supporting affidavits. Based upon the pleadings, affidavits, and memoranda submitted by counsel, the trial court entered summary judgment for plaintiff in the amount of $6,059.13, plus interest and costs. Kirkman appeals from this judgment.

*Keziah, Gates, & Samet, L.L.P., by Jan H. Samet, for plaintiff-appellee.*

*Baker & Boyan, P.L.L.C., by Robert S. Boyan and Jeffrey L. Mabe, for defendant-appellant.*

McGEE, Judge.

Defendant Kirkman argues the entry of summary judgment in favor of plaintiff was improper. Because we find there is a genuine issue of material fact regarding whether the statute of limitations had expired, we agree.

I.

[1] Defendant first argues the trial court erred by entering summary judgment for plaintiff and by not entering judgment for Kirkman, claiming the three-year statute of limitations had expired before the

filing of plaintiff's complaint. Because it is not clear when the statute of limitations began to run, it is also unclear whether or not the action was timely filed.

Unless otherwise provided by statute, there is a three-year limitation on actions upon contracts, obligations, or liabilities arising out of a contract, whether express or implied. N.C. Gen. Stat. § 1-52(1) (1994 cumm. supp.). Because this action was filed on Monday 6 July 1992, any claim arising before 4 July 1989 would be time barred. *See* N.C.R. Civ. Pro. 6(a) (In computing any time prescribed by statute, the last day is included "unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or a legal holiday.")

Although neither party discusses the issue in their brief, North Carolina courts have yet to address the question of when a cause of action begins to run for collection of payment for medical services provided. When faced with this same issue, the Appellate Court of Connecticut held a hospital's right of action to collect for unpaid medical bills arose upon completion of the services rendered to the patient, and not at the time the patient was admitted or during the time the patient was treated. *Gaylord Hosp. v. Massaro*, 499 A.2d 1162 (Conn. App. Ct. 1985). The court held that where a physician is retained to render continuous and related services, usually related to a particular affliction, then the contract for medical services is deemed to be an indivisible contract against which the statute of limitations does not begin to run until all services are terminated. *Gaylord Hosp.*, 499 A.2d at 1163-64. The court also analogized the issue to medical malpractice cases, where under a continuous course of treatment doctrine the statute does not begin to run until the treatment is terminated. *Gaylord Hosp.*, 499 A.2d at 1164. Since the defendant's treatment was continuing and indivisible, the hospital's cause of action arose upon the completion of the treatment. *Id.*

We find the court's reasoning in *Gaylord Hosp.* to be persuasive and applicable to North Carolina law. North Carolina also recognizes the continued course of treatment doctrine in medical malpractice actions, whereby "the action accrues at the conclusion of the physician's treatment of the patient, so long as the patient has remained under the continuous treatment of the physician for the injuries which gave rise to the cause of action." *Horton v. Carolina Medicorp, Inc.*, 119 N.C. App. 777, 779, 460 S.E.2d 567, 568, *disc. review allowed*, 341 N.C. 649, 462 S.E.2d 511 (1995). Further, this doctrine has been

expanded to apply to hospitals as well. *Horton*, 119 N.C. App. at 781, 460 S.E.2d at 569. We also find a similar analogy with materialmen's liens. Although a lien may be filed at anytime after the maturity of the underlying obligation, it is not time barred until 121 days after the last furnishing of labor or materials or the last improvement made by the claimant. N.C. Gen. Stat. § 44A-12(b) (1995). Therefore, we hold that, absent a contract stipulating the date when payment is due, a cause of action for collection of payment for continuing medical treatment arises at the time the last treatment is provided.

In this case, Kirkman received continuing treatment from plaintiff for injuries suffered in an automobile accident. Therefore, plaintiff's cause of action arose at the time the last medical services were provided to Kirkman. However, there is a genuine issue of material fact as to whether the last medical services were provided to Kirkman before or after 4 July 1989.

Kirkman's affidavit states: "I was a patient of Johnson Neurological Clinic, Inc., from July 27, 1988 through July 5, 1989." A supplemental bill contained in the record also indicates Kirkman received treatment on 5 July 1989. However, a letter contained in the record from plaintiff to Kirkman dated 4 December 1990 states Kirkman's last visit to Johnson Neurological Clinic occurred on 12 June 1989. This date also corresponds to the last visit shown on the account statement for which Kirkman incurred charges. Because a genuine issue of material fact exits as to the date of Kirkman's last visit for purposes of determining when the statute of limitations began to run, summary judgment is inappropriate.

II.

[2]   However, plaintiff argues that regardless of the exact date on which the statute of limitations began to run, the settlement statement Kirkman executed on 25 July 1990 served as an acknowledgment sufficient to revive its claim within the applicable statutory period. We disagree.

In *American Multimedia, Inc. v. Freedom Distributing, Inc.*, 95 N.C. App. 750, 384 S.E.2d 32 (1989), *disc. review denied*, 329 N.C. 46, 389 S.E.2d 84 (1990), this Court said such acknowledgments must be in writing and "must manifest a definite and unqualified intention to pay the debt in order for the writing to effectively toll the statute of limitations." *American Multimedia*, 95 N.C. App. at 752, 384 S.E.2d at 34. Such phrases as "we plan to pay" and "we expect to pay" the debt

were held to be conditional expressions of defendant's willingness to pay the plaintiff and were not sufficiently precise to amount to an unequivocal acknowledgment of the original amounts owed. *Id.* Here, Kirkman's statement that he "plan[ned] to re-file this on my insurance and [handle] the balance myself" indicates his payment was conditioned upon whatever the insurance coverage did not pay. It is not a "definite and unqualified" intent to pay and fails to show the nature and amount of the debt owed. At best, it demonstrates a willingness to pay only whatever amount would be left after refiling the claim with his insurance company. Therefore, the statement fails as an acknowledgment sufficient to toll the statute of limitations.

### III.

[3] Plaintiff next argues Kirkman is equitably estopped from pleading the statute of limitations as a bar to recovery, citing *Duke University v. Stainback*, 320 N.C. 337, 357 S.E.2d 690 (1987). In *Stainback*, our Supreme Court held the plaintiff had been induced by defendant's conduct to reasonably believe it would be paid for medical services once defendant's lawsuit against his insurance carrier was concluded, thereby foregoing pursuit of its legal remedy. *Stainback*, 320 N.C. at 341, 357 S.E.2d at 693. However, plaintiff's reliance on *Stainback* is misplaced.

The services for which defendant incurred charges in *Stainback* were provided in 1977. Defendant's lawsuit against the insurance company did not come to trial until 1981 and was not final until this Court's decision in 1983. As a result, by the time the plaintiff discovered it would not be paid from the suit's proceeds, as it had been led to believe, the statute of limitations had run. In this case, plaintiff claims it was induced to forego efforts to collect on Kirkman's bill. However, even if plaintiff had been misled by Kirkman and his attorney in such a way to give rise to an estoppel claim, any expectations plaintiff had of receiving payment directly from the personal injury proceeds ended upon receipt of the 3 December 1990 letter containing a copy of Kirkman's settlement statement.

Equitable estoppel arises when a party has been induced by another's acts to believe that certain facts exist, and that party "rightfully relies and acts upon that belief to his detriment." *Thompson v. Soles*, 299 N.C. 484, 487, 263 S.E.2d 599, 602 (1980). Here, there is no showing of reliance rising to estoppel. Even if plaintiff had relied upon Kirkman's representations and had foregone collection efforts,

**JOHNSON NEUROLOGICAL CLINIC v. KIRKMAN**

[121 N.C. App. 326 (1996)]

such reliance ended upon receipt of the settlement statement. This is shown by plaintiff's letter of 4 December 1990 demanding Kirkman begin making monthly payments towards his balance. Further, in March 1991 plaintiff threatened collection efforts if Kirkman did not make immediate payment. Had plaintiff brought this action as threatened in 1991, the action would have been filed within the statute of limitations. Because plaintiff was on notice it would not be directly paid from the personal injury proceeds, it could not rightfully rely on Kirkman's assertions to prevent it from being able to timely file this action. Plaintiff's position is distinguishable from the plaintiff in *Stainback* and equitable estoppel is not available.

IV.

[4] Nevertheless, these issues are not necessarily determinative of the appeal. If there are any grounds upon which to sustain the granting of summary judgment, then this Court must affirm. *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989). A review of the record shows circumstances upon which plaintiff could be entitled to judgment upon the theories of the existence of an account stated or a partial payment on account. However, because these theories require that factual determinations be made, summary judgment is inappropriate. *See Mahaffey v. Sodero*, 38 N.C. App. 349, 247 S.E.2d 772 (1978) (whether by retention without objection of statement of account defendant agreed account was correct and agreed to pay was a jury question); *Electric Service, Inc. v. Sherrod*, 293 N.C. 498, 238 S.E.2d 607 (1977) (part payment operates to toll statute if made under circumstances warranting an inference debtor recognizes his debt and acknowledges his willingness or obligation to pay); *Hartness v. Penny*, 22 N.C. App. 75, 205 S.E.2d 319 (1974) (mere entry on statement showing payment by insurance does not, standing alone, constitute part payment tolling the statute of limitations.)

Because we find there is a genuine issue of material fact, summary judgment for plaintiff is reversed and the case is remanded for trial.

Reversed and remanded.

Judges EAGLES and WALKER concur.