### MRS. OLEEN CONNOR v. DR. SAM SCHENCK.

(Filed 20 October, 1954.)

**Limitation of Actions § 5b—**

> This action to recover for alleged malpractice in the diagnosis and treatment of plaintiff's broken ankle was instituted some eleven years after the treatment. Plaintiff alleged that defendant concealed his own negligence and prevented plaintiff from securing other medical attention before further complications developed, but plaintiff's evidence was to the effect that she talked to defendant after the treatment from time to time across the years and complained of the condition of her ankle. *Held:* There is no evidence of fraudulent concealment such as to toll the statute of limitations, and judgment of nonsuit upon the plea of the three year statute, properly pleaded, is without error.

APPEAL by plaintiff from *Pless, J.,* March Term, 1954, of CLEVELAND. Affirmed.

Action commenced 13 May, 1953, for damages for personal injuries allegedly caused by malpractice of defendant.

Plaintiff's evidence tends to show that on 17 February, 1942, she fell and broke her ankle; that defendant, a physician, X-rayed the ankle, gave the diagnosis that the main bone was not broken, only the little bone, and defendant's treatment was by splint and bandages; that this diagnosis and treatment was in 1942, during the three months following her injury; that defendant did not treat her further but that she talked with defendant thereafter from time to time across the years and complained of the condition of her ankle.

Plaintiff's action is based on the alleged negligence of defendant in connection with the X-ray, diagnosis and treatment of plaintiff's ankle in 1942. She alleged further that defendant "persisted in fraudulently concealing his own negligence thereby preventing the Plaintiff from seeking further medical attention and correcting the injury before further complications developed."

Defendant denied all allegations of negligence and pleaded the three-year statute of limitations. Replying to the latter plea, plaintiff alleged that "the running of the statute of limitations was tolled by the fraudulent concealment of the facts by the Defendant."

At the close of plaintiff's evidence, the court entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*C. B. Cash, Jr., for plaintiff, appellant.*
*Jones & Small and Horace Kennedy for defendant, appellee.*

PER CURIAM. Conceding, but not deciding, the plaintiff's evidence was sufficient for submission to the jury on the issue of defendant's negligence in 1942, we are confronted by the fact that plaintiff waited some eleven years before commencing this action; and careful consideration of plaintiff's evidence compels the conclusion that there is no evidence whatever of defendant's fraudulent concealment such as would constitute a basis of liability or such as would operate to toll the running of the statute of limitations. Hence, plaintiff's action is barred by the three-year statute; and we need not consider other grounds urged by defendant in support of the judgment of involuntary nonsuit.

Affirmed.