SHIRLEY S. STALLINGS v. JERRY M. GUNTER, JERRY M. GUNTER, D.D.S.,
P.A., A PROFESSIONAL CORPORATION, ROY WILLIAM KELLY, JR., ROY
WILLIAM KELLY, JR., D.D.S., P.A., A PROFESSIONAL CORPORATION

No. 8927SC1251

(Filed 7 August 1990)

1. **Physicians, Surgeons, and Allied Professions § 13 (NCI3d) —
   professional malpractice — statute of repose — continuing course
   of treatment doctrine**

   The "continuing course of treatment" doctrine may be
   used in determining the starting date for the professional
   malpractice statute of repose set forth in N.C.G.S. § 1-15(c).

   **Am Jur 2d, Physicians, Surgeons, and Other Healers
   §§ 320-322.**

2. **Physicians, Surgeons, and Allied Professions § 13 (NCI3d) —
   malpractice by dentist — continuing course of treatment — start
   of statute of repose**

   In a malpractice action against a dentist based on his
   alleged failure to inform plaintiff of possible injuries from or-
   thodontic treatment and to monitor her periodontal condition,
   the continuing course of treatment doctrine did not postpone
   the starting point for the statute of repose after 6 February
   1985, the date defendant informed plaintiff of her injuries and
   the last date of any acts or omissions by defendant related
   to plaintiff's allegations of negligence. Accordingly, plaintiff's
   failure to file her action within four years after 6 February
   1985 was fatal to her action. N.C.G.S. § 1-15(c).

   **Am Jur 2d, Physicians, Surgeons, and Other Healers
   §§ 320-322.**

3. **Limitation of Actions § 8.1 (NCI3d); Physicians, Surgeons,
   and Allied Professions § 13 (NCI3d) — medical malpractice —
   statute of repose — fraudulent concealment**

   Fraudulent concealment cannot toll the running of the
   statute of repose after a medical malpractice claim has accrued.

   **Am Jur 2d, Physicians, Surgeons, and Other Healers
   §§ 320-322.**

STALLINGS v. GUNTER

[99 N.C. App. 710 (1990)]

APPEAL by plaintiff from order entered 20 June 1989 by *Judge Kenneth A. Griffin* in GASTON County Superior Court. Heard in the Court of Appeals 11 May 1990.

*Kelso & Ferguson, by Lloyd T. Kelso, for plaintiff-appellant.*

*Kennedy Covington Lobdell & Hickman, by James P. Cooney III, for defendant-appellees Roy William Kelly, Jr. and Roy William Kelly, Jr., D.D.S., P.A.*

GREENE, Judge.

Plaintiff appeals the trial court's grant of defendant's Rule 56 motion to dismiss her complaint based on the statute of repose for professional malpractice suits, N.C.G.S. § 1-15(c) (1983).

The record shows that plaintiff Shirley S. Stallings was a dental patient of defendants prior to the time of suit. Defendant Dr. Roy W. Kelly ("Kelly"), a general dentist, provided dental treatment to plaintiff beginning in March, 1976. In 1981, plaintiff consulted with defendant Dr. Jerry M. Gunter ("Gunter"), an orthodontist, about applying braces to plaintiff's teeth. Gunter applied the braces, and while plaintiff was wearing braces, Kelly provided dental treatment to plaintiff on 12 November 1982, 3 October 1983, 7 May 1984, and 17 July 1984. Gunter removed plaintiff's braces on 23 January 1985. On 25 January 1985, a dental hygienist in Kelly's office cleaned plaintiff's teeth and took bite-wing radiographic (x-ray) photographs. On 6 February 1985, Kelly had a full series of x-rays of plaintiff's teeth taken and developed, which showed "significant resorption or dissolving of the roots" of plaintiff's teeth. Kelly immediately informed plaintiff of the damage and referred her to a dental specialist, Dr. Evangelo Vagianos, for treatment of the root problems, who provided further dental treatment. Plaintiff continued to receive dental treatment from Kelly on these dates: 10 April 1985 (Kelly filled a tooth cavity in plaintiff's teeth); 19 March 1986 (Kelly examined plaintiff's teeth when she presented herself without appointment); 17 July 1986 (Kelly examined plaintiff's teeth); and 12 November 1986 (Kelly "splinted" plaintiff's front teeth at the request of Dr. Vagianos).

On 30 December 1987, plaintiff filed suit against Gunter and his professional corporation. Gunter answered, denying plaintiff's allegations and asserting statutes of limitation and repose in bar of plaintiff's suit.

STALLINGS v. GUNTER

[99 N.C. App. 710 (1990)]

Plaintiff deposed Kelly on 20 January 1989, producing these questions and answers:

Q. Do you consider it to be any part of your responsibility to ascertain the level of Mrs. Stallings' periodontal disease during the course of orthodontic treatment, to ascertain whether her overall dental picture was being aggravated or affected as a result of her ongoing orthodontic treatment?

A. Yes.

Q. Do you feel that anything that you did or failed to do, or anything that you saw or failed to see, in association with any of the evaluations that you conducted of her during the time that orthodontic treatment was being rendered, was a departure from standards of care applicable to your practice?

A. Yes.

On 10 March 1989, plaintiff moved to amend her complaint to add Kelly and his professional corporation as defendants. The court allowed plaintiff's motion the same day and she filed an amended complaint on 10 March 1989, alleging that defendant's careless, negligent and reckless "fail[ure] to inform the plaintiff [of the possible injuries associated with orthodontic treatment], . . . fail[ure] to monitor the plaintiff's peridontal condition . . . to consult with . . . Gunter or refer the plaintiff or to provide appropriate treatment" from approximately December, 1981 until 30 July 1985, caused "severe damage" to her teeth, as well as pain and suffering and monetary damages.

Defendant Kelly and his corporate defendant moved to dismiss plaintiff's complaint according to Rule 12(b)(6), asserting that the "last act" allegedly causing plaintiff's damage occurred on 17 July 1984, so that N.C.G.S. § 1-15(c) required plaintiff to file suit against Kelly within four years of that date, 17 July 1988, and her failure to do so barred her suit against these defendants.

The trial court received and considered "materials outside of the pleadings in this cause" including plaintiff's affidavit, and depositions by defendant Kelly and plaintiff's dental specialist. Because it considered these materials, the court heard defendants' motion as one for summary judgment according to Rule 56. The court concluded that the "last act of the Kelly defendants which gave

rise to the plaintiff's cause of action occurred no later than January 25, 1985 . . ." The court further concluded that plaintiff's action was barred by operation of G.S. § 1-15(c) "from maintaining an action against the Kelly defendants after January 25, 1989, or four years from the last act of the Kelly defendants which gave rise to the plaintiff's cause of action."

After plaintiff gave notice of appeal, plaintiff settled her causes of action against defendants Gunter and Gunter's professional corporation.

---

The issues are: (I) whether the professional malpractice statute of repose bars plaintiff's suit because plaintiff failed to bring suit within four years of defendant's 'last act' of malpractice; and (II) whether the statute of repose was tolled because of defendant's alleged concealment of his alleged negligent acts.

This appeal presents only issues related to the statute of repose, since the trial court found "genuine issues of material fact as to whether the action is barred by the statute of limitations . . ." The 'statute of repose,' as it has become known, provides in part:

Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of occurrence of the last act of the defendant giving rise to the cause of action . . . [p]rovided further, that in no event shall an action be commenced more than four years from *the last act of the defendant giving rise to the cause of action* . . .

N.C.G.S. § 1-15(c) (emphasis added).

I

Plaintiff argues that the "continuing course of treatment" doctrine applies to the statute of repose and that pursuant to the doctrine, the statute of repose began running on 12 November 1986, the last time defendant treated plaintiff. Because plaintiff filed her action against Kelly on 10 March 1989, well within four years of 12 November 1986, plaintiff contends that the statute of repose does not bar the action. In opposition, defendant Kelly argues that the statute of repose began to run no later than 25

January 1985, and since plaintiff filed her action more than four years after 25 January 1985, the statute of repose bars the action.

N.C.G.S. § 1-15(c) is a " 'hybrid' " statute having both a substantive and procedural effect. *Bolick v. American Barmag Corp.*, 306 N.C. 364, 367, 293 S.E.2d 415, 418 (1982) (citation omitted). The substantive component of the statute is known as a statute of repose and provides that "in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action . . ." N.C.G.S. § 1-15(c). The procedural component of § 1-15(c) is known as the statute of limitation and provides that a cause of action for malpractice is "deemed to accrue with the time of occurrence of the last act of the defendant giving rise to the cause of action . . ." *Id.*

Traditionally, statutes of repose begin " 'to run at a time unrelated to the traditional accrual of the cause of action.' " *Bolick*, at 366, 293 S.E.2d at 418 (citation omitted). Application of this traditional rule led to the not uncommon result that the statute of repose barred plaintiff's cause of action before the cause of action had accrued for purposes of the statute of limitation. *See Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985). However, after the North Carolina legislature amended § 1-15(c), the starting date for running of the statute of repose became the same date as that for accrual of the cause of action, "the last act of the defendant giving rise to the cause of action." Therefore, pursuant to § 1-15(c), the current statute of repose cannot expire before accrual of the action.

The "continuing course of treatment" doctrine has been accepted as an exception to the rule that "the action accrues at the time of the defendant's negligence." *Ballenger v. Crowell*, 38 N.C. App. 50, 58, 247 S.E.2d 287, 293 (1978). According to this doctrine, the action accrues at the conclusion of the physician's treatment of the patient, so long as the patient has remained under the continuous treatment of the physician for the injuries which gave rise to the cause of action. *Id.; see generally*, Comment, *The Continuous Treatment Doctrine: A Toll on the Statute of Limitations for Medical Malpractice in New York*, 49 Albany L.Rev. 64, 65 (1984) (hereafter "Comment"). It is not necessary under this doctrine that the treatment rendered subsequent to the negligent act itself be negligent, if the physician continued to treat the patient for the particular disease or condition created by the original act

of negligence. *Callahan v. Rogers*, 89 N.C. App. 250, 255, 365 S.E.2d 717, 719 (1988) (treatment "after" the negligent act is within the 'continuing course of treatment' doctrine); *see Grubbs v. Rawls*, 235 Va. 607, 613, 369 S.E.2d 683, 687 (1988) (plaintiff could wait until the end of treatment "to complain of any negligence which occurred *during* that treatment") (emphasis in original); *see also Holdridge v. Heyer-Schulte Corp.*, 440 F.Supp. 1088, 1098 (1977) (the 'continuing course of treatment' doctrine is applicable "even if there are no further acts of malpractice in the continued treatment"); *Comment*, at 77, n.51 (the "subsequent treatment does not have to be negligent").

To take advantage of the 'continuing course of treatment' doctrine, plaintiff must "show the existence of a *continuing* relationship with his physician, and . . . that he received *subsequent* treatment from that physician." *Id.*, at 72 (emphases added). Mere continuity of the general physician-patient relationship is insufficient to permit one to take advantage of the continuing course of treatment doctrine. *Callahan*, at 255, 365 S.E.2d at 720. Subsequent treatment must consist of "either an affirmative act or an omission, [which] must be related to the original act, omission, or failure which gave rise to the cause of action." *Comment*, at 76-77; *see Callahan*, at 255, 365 S.E.2d at 720 (the treatment must be "for the same injury"); *see also* 1 D. Louisell & H. Williams, *Medical Malpractice* § 13.08 (1981) (the statute is tolled as long as the patient receives treatment from the doctor "for the particular disease or condition" created by the negligent act). However, plaintiff is not entitled to the benefits of the 'continuing course of treatment' doctrine if during the course of the treatment plaintiff knew or should have known of his or her injuries. *Ballenger*, at 60, 247 S.E.2d at 294; Louisell & Williams, at § 13.08.

[1] Because the 'continuing course of treatment' doctrine affects determination of the accrual date, and the accrual date under § 1-15(c) is the starting date for the running of the statute of limitation and statute of repose, it is correct to use the 'continuing course of treatment' doctrine to determine the start date for running of the statute of repose. It is only by using the doctrine that a court can determine defendant's relevant 'last act.'

[2] Having determined that it is correct to apply the 'continuing course of treatment' doctrine to determine the starting point for the statute of repose, we also determine that plaintiff does not

have the benefit of the 'continuing course of treatment' doctrine after 6 February 1985, because on 6 February 1985, defendant informed plaintiff of her problems with her teeth and gums. Therefore, that is the date that plaintiff knew of her injuries and she no longer had the benefit of the doctrine. Even if we applied the doctrine, 6 February 1985 was the last date of defendant Kelly's treatment acts or omissions related in any manner to defendant Kelly's alleged original negligent acts of failing to inform plaintiff of the "numerous problems that could result and did result from orthodontic treatment in her case when he knew that she was going to undergo orthodontic treatment." Since plaintiff filed suit on 10 March 1989, defendant Kelly's 'last act' had to occur no earlier than 10 March 1985 for plaintiff to bring suit within the four-year statute of repose time limit, but its occurrence on 6 February 1985 bars her action. Accordingly, the statute of repose began to run no later than 6 February 1985, and plaintiff's failure to file her action within four years of that date is fatal to her cause of action.

II

[3] Plaintiff argues in the alternative that the statute of repose should be tolled by defendant Kelly's alleged fraudulent concealment of his negligent acts. We disagree.

Fraudulent concealment can operate to toll the running of the statute of limitation after the action has accrued. *Connor v. Schenck*, 240 N.C. 794, 795, 84 S.E.2d 175, 176 (1954). However, whether fraudulent concealment can toll the running of the statute of repose after accrual of the action presents a different question. Substantive rights, such as those created by the statute of repose are not subject to tolling. *See* Restatement of Law 2d, *Torts* § 899, Comment g (1979). Accordingly, fraudulent concealment, which is an affirmative defense not pled in this case, cannot operate to toll the running of the statute of repose.

Affirmed.

Judges ORR and LEWIS concur.