DEBRA McKOY, as Administratrix of the Estate of ARTHUR G. McKOY, deceased, Plaintiff,
v.
CHARLES R. BEASLEY, M.D., MUHAMMAD N. KHATTAK, M.D., GREGORY LOCKLEAR, M.D., and THE LUMBERTON MEDICAL CLINIC, P.A., Defendants.
No. COA08-369
Court of Appeals of North Carolina
Filed March 17, 2009
This case not for publication
Fuller & Barnes, LLP, by Trevor M. Fuller and Michael D. Barnes, for the plaintiff.
Yates, McLamb & Weyher, LLP, by John W. Minier and Heather R. Wilson, for the defendant.
ELMORE, Judge.
In December 1998, Arthur McKoy (decedent or Mr. McKoy) visited the Southeastern Regional Medical Center in Lumberton with severe anemia, abdominal pain, and weakness. There, Muhammad Khattak, M.D., and Gregory Locklear, M.D. (defendants)[1], performed adiagnostic colonoscopy upon Mr. McKoy and discovered signs of ulcerative colitis. Defendants began treating Mr. McKoy on a regular basis at the Lumberton Medical Clinic (defendant Clinic), and in June 2000 defendant Locklear performed another colonoscopy. The pathology report from that test indicated the presence of mild to moderate atypia and noted that treatment with a repeat biopsy was recommended. Following this report, defendants did not perform a follow-up colonoscopy on Mr. McKoy until April 2005; that test revealed widely metastatic colon cancer. Mr. McKoy succumbed to multiple organ failure precipitated by the cancer on 30 April 2005. On 7 April 2007, Debra McKoy (plaintiff), administratrix of decedent's estate as well as his widow, filed a complaint for medical malpractice against defendants.
On 4 October 2007, defendants filed a motion to dismiss pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure. On 12 October 2007, plaintiff filed a motion for partial summary judgment relative to defendants' Rule 9(j) defense. A judgment and order dismissing the case were entered 23 December 2007, and plaintiff now appeals. After a thorough review of the record and briefs, we affirm the trial court's dismissal.
Plaintiff argues that the trial court erred in dismissing the complaint on statute of limitations and statute of repose grounds. In addition to plaintiff's claim that her complaint was timely, she bases her argument on three principal grounds: the doctrine of continuous course of treatment, the doctrine of tortious action in concert, and the doctrine of civil conspiracy. The statute of repose begins to run at the same time as the statute of limitations _ namely, when the cause of action accrues; thus, the statute of repose cannot expire before the accrual of the action. Stallings v. Gunter, 99 N.C. App. 710, 713-14, 394 S.E.2d 212, 215 (1990). The basis of plaintiff's argument is that accrual of both the statute of limitations and the statute of repose are tolled until the end of the continuous course of treatment. Specifically, she contends that all defendants agreed to ignore or do nothing in response to the June 2000 pathology report, which formed the basis of the conspiracy and tortious action in concert and came under the umbrella of the continuous course of treatment.
Plaintiff's claims are both unpersuasive and time barred. Plaintiff filed her complaint more than four years after the last act of defendants giving rise to the cause of action. The Khattak and Locklear claims are barred by the statute of repose which states:
Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action . . . [p]rovided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action[.]
N.C. Gen. Stat. § 1-15(c) (2007). The statute of repose focuses on the defendant's "last act" and, thus, can bar the "plaintiff's right of action even before his cause of action may accrue[.]" Black v. Littlejohn, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985). The last act giving rise to the cause of action by each defendant under the present facts occurred more than four years before the complaint was filed, and therefore plaintiff's claims against defendants Khattak and Locklear are barred. Defendant Khattak's last act occurred on 19 August 2002 when he saw Mr. McKoy in his office for the last time. On 6 December 2002, defendant Khattak did refill a prescription for Mr. McKoy by telephone, but even if this act is considered defendant Khattak's last act, it still took place over four years before the complaint was filed. The last act of defendant Locklear giving rise to the cause of action occurred on 21 June 2000 when defendant Locklear performed the second colonoscopy. Defendant Locklear did not treat Mr. McKoy at any time between 21 June 2000 and 13 April 2005. Defendant Locklear's last act giving rise to the cause of action therefore occurred seven years before suit was filed.
The continuing course of treatment doctrine is narrow and is not applicable under the present circumstances. Our Supreme Court adopted the continuing treatment doctrine in Horton v. Carolina Medicorp, Inc., 344 N.C. 133, 139, 472 S.E.2d 778, 782 (1996). In Horton, the Court held that "[t]o benefit from this doctrine, a plaintiff must show both a continuous relationship with a physician and subsequent treatment from that physician. The subsequent treatment must consist of an affirmative act or an omission related to the original act, omission, or failure which gave rise to the claim." Id. at 137, 472 S.E.2d at 781. This Court explained further, in Whitaker v. Akers, that "[i]t is insufficient to show the mere continuity of the physician/patient relationship. Rather, the subsequent treatment must be related to the original act, omission[,] or failure to act that gave rise to the original claim." 137 N.C. App. 274, 278, 527 S.E.2d 721, 725 (2000) (internal citation omitted). Nevertheless, "it is not necessary that the subsequent treatment be negligent so long as the doctor continued to treat the plaintiff for the particular condition created by the original negligent act." Id. In this case, plaintiff has not shown either a continuous relationship between Mr. McKoy and defendants Khattak and Locklear or continuing treatment by those doctors relating to Mr. McKoy's colon condition after their initial treatment and prior to the discovery of the colon cancer. We note that, in light of this holding, the claims against defendant Clinic _ based as they are in the actions of defendants Khattak and Locklear _ must also fail.
Plaintiff also contends that the trial court erred in denying her motion for sanctions because defendants violated Rule 11 of the North Carolina Rules of Civil Procedure by asserting a contributory negligence defense when such a defense was not proper. Rule 11(a) provides in pertinent part, as follows:
The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay[.]
N.C. Gen. Stat. § 1A-1, Rule 11(a) (2007).
Plaintiff asserts that at the time defendants signed their Answer on 8 June 2007, they only possessed medical records from defendant Lumberton Medical Clinic. She argues that nothing in those records would suggest that a defense of contributory negligence was well grounded in fact, nor warranted by existing law.
In North Carolina, a person is guilty of contributory negligence if he or she does not use ordinary care for his or her safety. Clark v. Roberts, 263 N.C. 336, 343, 129 S.E.2d 593, 597 (1965). Ordinary care is defined as "such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." Id. Mr. McKoy's medical records establish that in 1998, he was advised of the need for routine colonoscopies to screen for colon cancer. There is no evidence in the medical record that Mr. McKoy acted on this advice by obtaining routine colonoscopies by any doctor. Mr. McKoy was referred to Dr. Stephen Zacks, a gastroenterology and hepatology specialist, initially by defendant Khattak for evaluation of ulcerative colitis and abnormal liver function tests in 2000. Mr. McKoy's medical records from Dr. Zacks and the Lumberton Clinic establish that Mr. McKoy did not continue to see Dr. Zacks as recommended. There were therefore sufficient factual and legal bases to raise contributory negligence as a defense in defendants' Answer, and the trial court properly denied plaintiff's motion.
Having conducted a thorough review of the record, we find no error. Accordingly, we affirm the trial court's order.
Affirmed.
Judges HUNTER and GEER concur.
Report per Rule 30(e).
NOTES
[1] Plaintiff assigns error to the order as it regards defendant Beasley, but does not make any argument to this Court based on that assignment. As such, we deem it abandoned, and defendant Beasley does not figure further in this opinion. See N.C.R. App. P. 28(b)(6).