IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-159

Filed: 15 December 2020

Scotland County No. 19 CVS 00478

CHARLES BLUE, Plaintiff,

v.

THAKURDEO MICHAEL BHIRO, PA, DIXIE LEE BHIRO, PA, AND LAUREL HILL MEDICAL CLINIC, P.C., Defendants.

Appeal by Plaintiff from Order entered 10 December 2019 by Judge Gale M. Adams in Scotland County Superior Court. Heard in the Court of Appeals 12 August 2020.

> *Dawson & Albritton, P.A., by Harry H. Albritton, Jr. and Darren M. Dawson, for plaintiff-appellant.*
>
> *Batten Lee, PLLC, by Gloria T. Becker, for defendants-appellees.*

MURPHY, Judge.

When a trial court hears matters beyond the facts in a complaint during a motion to dismiss under Rule 12(b)(6), the motion is converted into a motion for summary judgment under Rule 56. If such a conversion occurs, the parties must be given a reasonable opportunity to present relevant evidence on the motion for summary judgment. The failure to provide a reasonable opportunity to present this evidence requires remand for such an opportunity. Here, the trial court converted the motion to dismiss into a motion for summary judgment without providing the

parties a reasonable opportunity to present evidence. We reverse the grant of the purported motion to dismiss and remand for an opportunity for the parties to conduct discovery and present evidence prior to the determination of the motion for summary judgment.

## BACKGROUND

Charles Blue ("Blue") filed a *Complaint* alleging medical negligence on the part of Thakurdeo Bhiro, Dixie Bhiro, and Laurel Hill Medical Clinic (collectively "Defendants"). The *Complaint* alleged the following facts: Defendants were Blue's primary medical provider for around 20 years and provided him with generalized care, including preventative medicine. In January 2012, Mr. Bhiro ordered a prostate specific antigen ("PSA") blood test for Blue, which helps to determine the likelihood of someone having prostate cancer. Blue's PSA test result indicated he had 87.9 nanograms per milliliter of PSA enzymes in his blood. Although "[a] PSA of 4 nanograms per milliliter is considered abnormally high for most men and may indicate the need for further evaluation with a prostate biopsy[,]" Defendants did not provide any follow-up care or referrals despite receiving a copy of the test results. On 22 March 2018, Blue had another test indicating his PSA level was 1,763 nanograms per milliliter and soon thereafter was diagnosed with metastatic prostate cancer.

Blue sued Mr. Bhiro and Mrs. Bhiro for negligence in failing to follow up or refer Blue to a specialist after receiving his 2012 PSA test results, alleging as a result

of their negligence Blue developed metastasized cancer, and experienced shortened life expectancy, pain, emotional distress, and loss of enjoyment of life. His claims against Laurel Hill Medical Clinic are based on vicarious liability.

Defendants filed a Rule 12(b)(6) motion to dismiss in their Answer on the basis of the statute of limitations. They contended the alleged negligence occurred in January 2012, meaning the three-year statute of limitations had expired prior to Blue bringing the suit. Their Answer also alleged contributory negligence. In response to the allegation of contributory negligence, Blue argued, in his *Reply,* Defendants had the last clear chance to avoid injuring Blue due to their superior knowledge and understanding of the first PSA test, and their continued medical treatment of Blue "for several years after the [2012 PSA test] . . . ."

At the hearing for the motion to dismiss, the parties submitted memoranda of law and orally argued their positions. Blue's memorandum of law and oral arguments included facts not included in his *Complaint*. After Blue discussed some of these facts, Defendants stated "much of which [Blue] has argued is not complained [of] in the [C]omplaint. And, Your Honor -- Or the [R]eply. And so I would just again remind that this is a motion to dismiss. And we're looking at the four corners of the [C]omplaint." Ultimately, "having heard arguments of parties and counsel for the parties and having reviewed the court file, pleadings, and memorandums of law submitted by both parties," the trial court granted Defendants' motion to dismiss.

## ANALYSIS

Blue contends the trial court erred in granting Defendants' motion to dismiss pursuant to Rule 12(b)(6) based on the statute of limitations. Blue also contends the motion to dismiss was converted to a motion for summary judgment under Rule 56 due to the consideration of matters outside of the pleadings; whereas, Defendants contend the motion was not converted into a summary judgment motion, and at most was converted to a motion for judgment on the pleadings under Rule 12(c). We hold the motion to dismiss was converted to a motion for summary judgment, requiring remand for a reasonable opportunity to gather and present evidence, and therefore do not address the underlying statute of limitations issue.

### A. Motion to Dismiss

As an initial matter, we must determine whether the trial court reviewed the *Complaint* under Rule 12(b)(6), the pleadings under Rule 12(c), or the pleadings and facts outside the pleadings under Rule 56. Although the order granting Defendants' motion to dismiss purported to act under Rule 12(b)(6), it was converted to a motion for summary judgment under Rule 56 by the consideration of matters outside the pleadings. Rule 12(b)(6) and Rule 12(c) read:

> If, on a motion [for judgment on the pleading under Rule 12(b)(6) or pleadings under Rule 12(c)], matters outside the [pleading or pleadings] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to

present all material made pertinent to such a motion by
Rule 56.

N.C.G.S. §§ 1A-1, Rule 12(b) & (c) (2019).

The order granting Defendants' motion to dismiss states

> [t]he [c]ourt, *having heard arguments of parties and
> counsel for the parties* and *having reviewed* the court file,
> *pleadings*, and *memorandums of law* submitted by both
> parties, and [sic] finds that [Blue] failed to state a claim
> upon which relief can be granted and [] Defendants'
> [m]otion to [d]ismiss should be allowed pursuant to N.C. R.
> Civ. P. 12(b)(6).

(Emphasis added). According to the terms of the order, the trial court at least

considered the pleadings, which would convert the Rule 12(b)(6) motion to a Rule

12(c) motion on the pleadings.

However, the trial court also considered the memoranda of law submitted by

the parties and the arguments presented by the parties, both of which contained facts

not alleged in the *Complaint*. Blue's memorandum of law opposing the motion to

dismiss discussed the following facts not contained in the *Complaint* or *Reply*: "[Blue]

complained of urological issues following the elevated [] PSA test"; "[Blue] sought

treatment from Defendant[s] in November, 1996 through to January, 2019 for his

primary medical concerns which included urological issues[]"; "[Blue] denies any such

knowledge [of elevated PSA levels]"; "The evidence will show that [Blue's] last visit

with Defendants prior to second PSA test was on [5 March 2018]." Similarly, in the

arguments before the trial court on 12 November 2019, Blue alleged the following

facts:

> Every time Mr. Blue saw them after that -- We allege he saw them up until January [2019]. And actually he saw them 41 times from '12 to [2019].
>
> . . .
>
> Not until [2018] was another test ordered by a urologist at that time[.]
>
> . . .
>
> There was an allegation my client knew about the PSA. He had no idea. He didn't know about it until we told him about it. And we found it in the medical records. We gave it to the urologist to help them with the cancer treatment.
>
> No one knew about this PSA. And I didn't allege that in the [C]omplaint. The allegation was he got it on that day. And there was a conversation about prostate cancer on that day. That was it.

Following this information, Defendants stated, "much of which [Blue] has argued is

not complained [of] in the [C]omplaint. And, Your Honor -- Or the [R]eply. And so I

would just again remind that this is a motion to dismiss. And we're looking at the

four corners of the [C]omplaint." Despite this, the trial court never excluded any facts

or stated it would not consider matters outside the scope of the pleadings. Nor did

the trial court's order granting the motion to dismiss exclude any matters.

"[T]he trial court was not required to convert the Rule 12 motion into one for

summary judgment under Rule 56[]" if it is clear the trial court did not consider

matters outside of the pleadings. *Privette v. Univ. of N.C. at Chapel Hill*, 96 N.C. App. 124, 132, 385 S.E.2d 185, 189 (1989); *Estate of Belk ex rel. Belk v. Boise Cascade Wood Prods., L.L.C.*, 263 N.C. App. 597, 599, 824 S.E.2d 180, 183 (2019). Additionally, memoranda of law and arguments of counsel are generally "not considered matters outside the pleading[s] for purposes of converting a Rule 12 motion into a Rule 56 motion." *Privette*, 96 N.C. App. at 132, 385 S.E.2d at 189 (citations and internal marks omitted). Despite this, the consideration of memoranda of law and arguments of counsel can convert a Rule 12 motion into a Rule 56 motion if the memoranda or arguments "contain[] any factual matters not contained in the pleadings." *Privette*, 96 N.C. App. at 132, 385 S.E.2d at 189; *Brantley v. Watson*, 113 N.C. App. 234, 237, 438 S.E.2d 211, 212-213 (1994) ("Because the trial judge heard evidence in the form of oral arguments and undisputed facts from counsel, this Rule 12(b)(6) was converted into a Rule 56 motion for summary judgment."); *Erie Ins. Exch. v. Builders Mut. Ins. Co.*, 227 N.C. App. 238, 243-44, 742 S.E.2d 803, 809 (2013) ("Having reviewed the briefs submitted by the parties at the hearing below, we agree with [the] plaintiffs that the briefs are simply memoranda of points and authorities and contain no factual allegations outside of those presented in the complaint. Thus, the trial court's consideration of the parties' briefs in the present case did not convert [the] plaintiffs' Rule 12(c) motion into a Rule 56 motion for summary judgment.").

Here, nothing indicates the trial court did not consider the facts presented beyond the pleadings. Instead, the terms of the order indicate the trial court considered matters beyond the pleadings in considering the arguments of the parties and reviewing memoranda of law. Although Defendants informed the trial court the facts went beyond those in the *Complaint*, the trial court never excluded any facts at the hearing or in the terms of the order. The failure to exclude the matters that went beyond the facts contained in the *Complaint* converted the motion to dismiss into a motion for summary judgment under Rule 56.

When a Rule 12 motion is converted into a Rule 56 motion "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.C.G.S. §§ 1A-1, Rule 12(b) & (c) (2019). Here, because the trial court did not recognize the conversion of the Rule 12 motion into a Rule 56 motion, no such opportunity was given to the parties. In particular, Defendants strictly adhered to the evidentiary constraints of Rule 12 and attempted to keep the motion restricted to allegations in the *Complaint*; whereas, Blue presented matters beyond the Rule 12 evidentiary limitations. In the absence of a reasonable opportunity for the parties to gather and present pertinent evidence for a Rule 56 motion, it would be improper for us to make a determination of the statute of limitations issue on the current evidence because "we believe that such a determination cannot properly be made at the present

time in light of the incomplete factual record that currently exists." *See Premier, Inc., v. Peterson*, 232 N.C. App. 601, 610, 755 S.E.2d 56, 62 (2014).

Due to the lack of a reasonable opportunity for the parties, and particularly Defendants, "to present all material made pertinent to such a motion by Rule 56[]" we reverse the trial court's order granting Defendants' motion to dismiss and remand "so as to allow the parties full opportunity for discovery and presentation of all pertinent evidence." *Kemp v. Spivey*, 166 N.C. App. 456, 462, 602 S.E.2d 686, 690, (2004) (citing N.C.G.S. § 1A-1, Rule 12(b) (2004)).

## B. Blue's Request to Amend the Complaint

At the hearing, Blue stated "if Your Honor does not believe I included enough factual information in the [C]omplaint, we'd request leave to amend the [C]omplaint [to include more facts]." The trial court took the matter under advisement, but otherwise did not address this motion to amend at the hearing or in its order granting the motion to dismiss. Now on appeal, Blue argues "[i]f [we are] inclined to agree with the trial court in that [Blue's] Complaint, on its face, does not allege sufficient facts to establish a claim for medical negligence that is not barred by the statute of limitations," then he should have been able to amend his *Complaint*. Since we reverse the trial court's motion to dismiss order, without agreeing or disagreeing with the trial court's underlying action, the contingency referred to—our agreement with the grant of the motion to dismiss—has not occurred and we do not reach this issue. N.C.

R. App. P. 28(a) ("The scope of review on appeal is limited to issues so presented in the several briefs.").

## CONCLUSION

The trial court converted Defendants' motion to dismiss under Rule 12 into a motion for summary judgment under Rule 56, but failed to provide the parties a reasonable opportunity to present evidence for resolution of the motion for summary judgment. We reverse the order granting the purported motion to dismiss and remand for a reasonable opportunity to gather and present evidence on a motion for summary judgment.

REVERSED AND REMANDED.

Judge YOUNG concurs.

Judge HAMPSON dissents with separate opinion.

HAMPSON, Judge, dissenting.

In my view, the trial court's Order should be affirmed. I reach this conclusion for three reasons: (I) the trial court's recitation it considered pleadings, memoranda, and arguments of the parties did not necessarily require converting Defendant's Motion to Dismiss to a Summary Judgment Motion or a Motion for Judgment on the Pleadings; (II) the trial court properly granted Defendant's Rule 12(b)(6) Motion to Dismiss on the basis Plaintiff's Complaint was time-barred; and (III) the trial court did not abuse its discretion in not ruling on Plaintiff's oral request for leave to amend the Complaint made at the conclusion of the hearing as a request for alternative relief in the event the trial court deemed Plaintiff's allegations insufficient to survive a Motion to Dismiss. For these reasons, I respectfully dissent.

## I.

First, the trial court's recitation in its Order Granting Defendant's Motion to Dismiss that it "heard arguments of parties and counsel for the parties and . . . reviewed the court file, pleadings, and memorandums of law submitted by both parties" did not necessarily require converting the Motion to Dismiss brought under Rule 12(b)(6) into a Motion for Summary Judgment. *See Carlisle v. Keith*, 169 N.C. App. 674, 688, 614 S.E.2d 542, 551 (2005). Although it is true the parties—and in particular, Plaintiff—may have included in both written and/or oral argument before the trial court additional arguments on what the evidence might show, references to additional pleadings, or facts not alleged in the Complaint, these were merely

arguments of counsel. No evidentiary materials—discovery, exhibits, affidavits, or the like—were offered or submitted to the trial court. There is no indication the trial court, in fact, considered any extraneous evidentiary materials in its ruling or based its decision on anything other than the allegations made in the Complaint. *See id.*; *see also Privette v. University of North Carolina*, 96 N.C. App. 124, 132, 385 S.E.2d 185, 189 (1989) ("Memoranda of points and authorities as well as briefs and oral arguments . . . are not considered matters outside the pleading for purposes of converting a Rule 12 motion into a Rule 56 motion" (citation and quotation marks omitted)).

## II.

Second, in any event, the trial court properly allowed the Motion to Dismiss under Rule 12(b)(6). In reviewing a trial court's dismissal under Rule 12(b)(6), this Court conducts "a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 -74 (2003). "A statute of limitations or repose defense may be raised by way of a motion to dismiss if it appears on the face of the complaint that such a statute bars the claim." *Hargett v. Holland*, 337 N.C. 651, 653, 447 S.E.2d 784, 786 (1994) (citations omitted). "Once a defendant raises a statute of limitations defense, the burden of showing that the action was instituted

within the prescribed period is on the plaintiff." *Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996) (citation omitted).

Here, Plaintiff's Complaint alleges Defendants ordered a PSA test for Plaintiff on 24 January 2012, which showed Plaintiff had an elevated PSA level; however, Defendants failed to provide any follow-up care or referrals as a result of this test. Plaintiff further alleged his PSA levels were tested again on or about 22 March 2018. Plaintiff does not allege who ordered this new test. The March 2018 test revealed a much higher PSA level and soon after Plaintiff was diagnosed with metastatic prostate cancer. Plaintiff did not file suit until 17 June 2019.

Generally, medical malpractice claims are subject to the three-year statute of limitations for personal injury actions in N.C. Gen. Stat. § 1-52(16). N.C. Gen. Stat. § 1-52(16) (2019). However, relevant to this case, N.C. Gen. Stat. § 1-15(c) provides in medical malpractice actions:

> a cause of action for malpractice arising out of the performance of or failure to perform professional services *shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made*: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. *Provided further,*

3

> *that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action[.]*

N.C. Gen. Stat. § 1-15(c) (2019) (emphasis added).

Plaintiff repeatedly argues on appeal Defendants never made him aware of the results of the January 2012 PSA test. Plaintiff, however, did not make such an allegation in his Complaint. Nevertheless, assuming Plaintiff was not made aware of the test results in 2012 or, further, that the significance of these test results was not readily apparent, and, even further, that Plaintiff reasonably should not have discovered the elevated PSA levels until two or more years after the January 2012 testing, Plaintiff's Complaint is, on its face, time-barred under N.C. Gen. Stat. § 1-15(c).

This is so for two reasons. First, Plaintiff's Complaint alleges Plaintiff discovered the injury in March 2018, when the subsequent PSA test was performed. Plaintiff, however, did not file his Complaint until June 2019, more than one year from discovery of the injury. Perhaps more to the point, there is no allegation in the Complaint that Plaintiff did not, in fact, discover the injury on or after June 2018 rendering the Complaint timely filed in June 2019. Second, Defendant's negligent act occurred in 2012 and suit was, again, not filed until 2019. This is more than four years from the negligent act. Thus, the suit is time-barred under N.C. Gen. Stat. § 1-15(c).

4

Plaintiff, however, argues the Complaint alleges a continuing course of treatment by Defendants through January 2019. Therefore, Plaintiff contends the last act of the Defendants giving rise to the cause of action did not occur until January 2019, at which time the action accrued. Thus, in Plaintiff's view, his Complaint was not time-barred under N.C. Gen. Stat. § 1-15(c).

"The 'continuing course of treatment' doctrine has been accepted as an exception to the rule that 'the action accrues at the time of the defendant's negligence.'" *Stallings v. Gunter*, 99 N.C. App. 710, 714, 394 S.E.2d 212, 215 (1990) (citation omitted). "According to this doctrine, the action accrues at the conclusion of the physician's treatment of the patient, so long as the patient has remained under the continuous treatment of the physician for the injuries which gave rise to the cause of action." *Id.*
"To take advantage of the continuing course of treatment doctrine, plaintiff must show the existence of a *continuing* relationship with his physician, and . . . that he received *subsequent* treatment from that physician." *Id.* at 715, 394 S.E.2d at 216. (citation and quotation marks omitted). "Mere continuity of the general physician-patient relationship is insufficient to permit one to take advantage of the continuing course of treatment doctrine." *Id.*

Here, Plaintiff alleges only that Defendants "continued as Plaintiff's primary medical care providers until January 2019." There is no allegation, however, Plaintiff

actually received any subsequent treatment from Defendants. Thus, Plaintiff has alleged only "[m]ere continuity of the general physician-patient relationship[,]" which is insufficient to invoke the continuing course of treatment doctrine. *Id.* Thus, on the face of the Complaint, Plaintiff's claims against Defendants are time-barred under N.C. Gen. Stat. § 1-15(c). Consequently, the trial court did not err in dismissing Plaintiff's Complaint under Rule 12(b)(6). *See Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970) ("If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim it will be dismissed.").

## III.

Third, and finally, the trial court did not abuse its discretion by failing to permit Plaintiff to amend the Complaint. Plaintiff did not file a written motion to amend the Complaint, but rather, towards the conclusion of the hearing, orally requested: "And if Your Honor does not believe I included enough factual information in the complaint, we'd request leave to amend the complaint[.]" It is not clear this issue is even properly before us, as Plaintiff did not obtain any ruling on his oral request. *See* N.C.R. App. P. 10(a)(1) (2020). Even assuming the trial court's dismissal of the Complaint automatically constitutes a denial of the oral request for leave to amend the Complaint, as Plaintiff contends, Plaintiff's oral request was insufficient to require the trial court to permit amendment of the Complaint. *Hunter v. Guardian*

*Hampson, J., dissenting.*

*Life Ins. Co. of Am.*, 162 N.C. App. 477, 486, 593 S.E.2d 595, 602 (2004) ("plaintiffs' oral offer that they 'would be willing to amend the petition and get more facts' at the Rule 12(b)(6) hearing is not a sufficient request for leave to amend").

Accordingly, for the foregoing reasons, the trial court's Order should be affirmed.